PEOPLE *v.* RICHARD L. SMITH

1. CRIMINAL LAW—TRIAL—JURY—BIAS.

The fact that three members of the jury that convicted defendant had sat the same morning in the same courtroom with the same prosecutor and the same judge *held,* not grounds for reversal of defendant's conviction when the case on which they sat was not related to defendant's, the three jurors were not challenged by defendant's counsel, and there was no showing of any bias.

2. SAME—TRIAL—IMPROPER STATEMENTS BY PROSECUTOR—INSTRUCTIONS TO JURY—APPEAL AND ERROR.

Errors claimed to have resulted from improper statements by the prosecuting attorney and the failure of the trial court to give certain instructions to the jury will not be considered for the first time on appeal.

Appeal from Recorder's Court of Detroit, Crockett (George W., Jr.), J. Submitted Division 1 December 3, 1968, at Detroit. (Docket No. 3,801.) Decided January 28, 1969.

Richard L. Smith was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Ruth Ritter,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 31 Am Jur, Jury §§ 171, 173, 226.
[2] 5 Am Jur 2d, Appeal and Error § 545.

Per Curiam.  Defendant Richard L. Smith was convicted by a jury on January 27, 1967, of the crime of robbery armed* and sentenced to a prison term of 10 to 20 years.  He appeals and presents 4 issues for review.

(1) *Did the composition of the jury deny defendant a fair trial?*

Defendant contends that, because 3 jury members sat the same morning in the same courtroom with the same judge and prosecution, he was denied his right to an impartial jury.

The morning case on which the 3 jurors sat had no relation to defendant's trial.  Defense counsel did not challenge the 3 jurors, nor does the record disclose bias of any nature.  Defendant's theories of psychological or sociological factors causing group bias were unsubstantiated.

(2) *Did the prosecutor's conduct during trial prejudice defendant?*

Defendant has pointed out several statements of the prosecution during trial which he considers prejudicial and amounting to reversible error.  We have carefully examined the record with reference to the prosecutor's statements and find no improper or prejudicial statements.  Additionally we note that defendant's trial counsel voiced no objection at the time of trial with regard to the allegedly prejudicial prosecutorial statements.

(3) *Did the trial court commit reversible error in instructing the jury?*

It is defendant's argument that a special instruction on identification was not given the jury by the trial court.  No instruction on identification was requested or submitted to the trial court by defendant.  However, the theory of defendant that it was not he that had committed the offense and that the

---

* CLS 1961, § 750.529 (Stat Ann 1969 Cum Supp § 28.797).

identifying witnesses had made a mistaken identification, was stated to the jury in the instructions.

In reviewing the trial court's instructions, we find charges clearly requiring the jury to find that defendant committed the offense before finding him guilty.

(4) *Was the evidence sufficient to support a verdict of guilty?*

The defendant was identified as one of the two hold-up men by two eyewitnesses. A latent fingerprint on an article at the scene was identified as that of the defendant, but, the defendant's counsel argues, that could have been left at a time when defendant was lawfully on the premises.

The defendant points to other doubt-engendering factors. One of the two identifying witnesses' description to the police did not fit the defendant. The other identifying eyewitness conceded that she had earlier testified that while the defendant "looks like" the hold-up man she wasn't "positive." Of the nine other eyewitnesses called to testify, seven could not identify the defendant and the other two could say no more than that he looked familiar. Although there are discrepancies in the identification testimony and no one witness' testimony might properly be called positive, the fundamental question was one of credibility for the jury to decide.

Review of the record discloses that sufficient evidence was presented, if believed, to sustain the jury verdict of guilty.

Affirmed.

LEVIN, P. J., and HOLBROOK and ROOD, JJ., concurred.