■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VINCENT COLABELLA, Appellant.— Judgment of the Supreme Court, Kings County, rendered February 2, 1968, reversed, on the law, and new trial ordered. The findings of fact below are affirmed. In our opinion, in the totality of the circumstances of this case, the failure of the police to employ a lineup in connection with the pretrial confrontation of defendant with the People's witnesses constituted a deprivation of due process, and since it was not clearly shown that the witnesses' in-court identification was of independent origin, the admission thereof into evidence was reversible error (*United States* v. *Wade*, 388 U. S. 218; *Stovall* v. *Denno*, 338 U. S. 293; *People* v. *Brown*, 20 N Y 2d 238; *People* v. *Ballott*, 20 N Y 2d 600). Upon retrial, proceedings with respect to the admission of such identification testimony into evidence shall conform to the guidelines in *Ballott* (*supra*), which was decided after the trial herein was held. The prior Federal conviction of appellant may not serve as a predicate for multiple offender treatment. The fourth count of the Federal indictment to which he pleaded guilty charged, *inter alia*, acts which would not be felonious if committed in New York, to wit, overt acts in furtherance of a conspiracy to "receive, conceal, possess, buy, * * * and facilitate the transportation, concealment * * * of a quantity of narcotic drugs" (see U. S. Code, tit. 21, §§ 173, 174; Penal Law, §§ 580-a, 1751, subd. 3; *People ex rel. Goldman* v. *Denno*, 9 N Y 2d 138). Furthermore, the conclusion of the Federal court that appellant, who was then 16 years of age, should be treated as a youthful offender is determinative of his status and bars the use of that adjudication as a predicate for multiple

offender treatment (Code Crim. Pro., § 913-n; *People* v. *Carpenteur*, 21 N Y 2d 571). Christ, Brennan, Rabin and Hopkins, JJ., concur; Beldock, P. J., concurs in part and dissents in part and votes to remand the case solely for the purpose of resentencing, with the following memorandum: While I agree with the majority of this court that appellant's Federal conviction may not serve as a predicate for multiple offender treatment, I cannot agree that the pretrial identification procedure used in this case was, under the circumstances herein, unnecessarily and prejudicially suggestive so as to require reversal of the judgment of conviction. At the post-trial hearing, which was conducted to determine whether the police station identification tainted the in-court identification of appellant, the trial court found that it did not. I do not find any basis for disturbing this finding. The record discloses that the complainant had ample opportunity to observe appellant under good lighting conditions during the commission of the crime and, in my opinion, it is equally clear that the complaining witnesses' testimony was not " based on or tainted by potentially misleading circumstances in the earlier identification " (*People* v. *Rivera*, 22 N Y 2d 453, 455). In any event, " the pretrial identification, impermissible though it be, may be disregarded as harmless error " (*People* v. *Brown*, 20 N Y 2d 238, 244).