◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. OLIN HILL, JR., and MAURICE KESSLER, Appellants.— Upon appeal by defendants (by permission) the Court of Appeals modified the two judgments herein of the County Court, Westchester County, one rendered as to defendant Kessler on December 20, 1966 and the other rendered as to defendant Hill on December 21, 1966, convicting them of attempted burglary in the second degree, upon a jury verdict, the modification consisting of a direction that a hearing be held on the issue of the in-court identification of defendants (*People* v. *Hill,* 22 N Y 2d 686, modfg. 28 A D 2d 959). Such hearing has been held and the County Court has made an order thereon, dated August 20, 1968, adjudging said issue against defendants. Order of August 20, 1968 modified, on the law and the facts, so as to limit the adjudication therein to defendant Kessler and to adjudge that the in-court identification of defendant Hill by the witness Miss Milligan is suppressed. As so modified, order affirmed. In accordance, the judgment convicting defendant Hill is reversed, on the law and the

facts, and a new trial as to him is ordered. It is our opinion that the People failed to prove by clear and convincing evidence, at the hearing directed by the Court of Appeals, that the in-court identification of defendant Hill by Miss Milligan was not tainted by the improper show-up. Accordingly, defendant Hill should be afforded a new trial, at which the identification testimony of that witness should be excluded (*People* v. *Ballott,* 20 N Y 2d 600; *People* v. *Hill, supra*). Unlike the situation as to defendant Hill, it is our opinion that the People established by clear and convincing evidence that the witnesses' in-court identification of defendant Kessler was not tainted by the improper show-up. Christ, Acting P. J., Brennan, Rabin, Benjamin and Martuscello, JJ.. concur.