## PEOPLE *v.* MELVIN JACKSON

1. TRIAL—CRIMINAL LAW—WITNESSES—RES GESTAE—INDORSED—
PRODUCTION.

   Whether the prosecution used due diligence in attempting to
   produce an indorsed *res gestae* witness is a matter within
   the trial court's discretion and its ruling that the prosecution
   made a reasonable effort to produce such witness will not
   be overturned unless it clearly abused its discretion.

2. WITNESSES—RES GESTAE WITNESSES—NONPRODUCTION—EXCUSE—
INSTRUCTIONS TO JURY.

   A ruling that the prosecution had made a reasonable effort to
   produce, as a witness, complainant's wife, who was also robbed,
   was not an abuse of discretion where defendant's trial had
   been adjourned, 10 to 12 times, the complainant's wife had
   been available to testify until the last four adjournments, a
   letter from her doctor was read at defendant's trial wherein
   her doctor stated he did not want her to testify because of
   her extremely nervous condition, and the trial court instructed
   the jury to assume that the testimony of complainant's wife,
   who had been unable before trial to positively identify defend-
   ant as the robber, would have been favorable to defendant.

Appeal from Recorder's Court of Detroit, Joseph
E. Maher, J.   Submitted Division 1 January 12,
1970, at Detroit.   (Docket No. 6,041.)   Decided Jan-
uary 26, 1970.

Melvin Jackson was convicted by a jury of armed
robbery.   Defendant appeals.   Affirmed.

---

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 41 Am Jur 2d, Indictments and Informations §§ 56, 60.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Jerry L. Dixon,* for defendant on appeal.

Before: DANHOF, P. J., and FITZGERALD and McGREGOR, JJ.

PER CURIAM. Defendant was convicted by a jury of armed robbery, MCLA § 750.529 (Stat Ann 1969 Cum Supp § 28.797). He contends on appeal that the prosecution's failure to produce at trial an indorsed *res gestae* witness constituted reversible error, and also, that there was insufficient evidence to find him guilty beyond a reasonable doubt.

The wife of the complaining witness, who was also robbed, did not testify at the trial. The complainant positively identified defendant as the perpetrator of the robbery, but before trial his wife had been unable to make a positive identification. The trial had been adjourned 10 to 12 times and the wife-witness had been available until the last four times. At the time of trial, she was in Alaska, staying with relatives. A police officer testified that he had read a letter from a doctor relating the witness's extremely nervous condition; the officer also testified that he had spoken to the doctor, who again stated that because of her nervous condition, he did not want her to testify.

The trial court ruled that reasonable efforts had been made by the prosecution to produce this witness, and instructed the jury to assume that her testimony would have been favorable to the defendant. The question of due diligence in attempting to pro-

duce an indorsed *res gestae* witness is a matter within the judicial discretion of the trial court, and the court's ruling will not be overturned unless there is a clear abuse of its discretion. *People* v. *Tiner* (1969), 17 Mich App 18, 20. See *People* v. *Kern* (1967), 6 Mich App 406; *People* v. *Ivy* (1968), 11 Mich App 427, 430, 431, leave to appeal denied, 381 Mich 815. We find no such abuse here.

A review of the record shows sufficient evidence, if believed by the jury, to justify a finding of guilt beyond a reasonable doubt. *People* v. *Fred W. Thomas* (1967), 7 Mich App 519, 539.

Affirmed.