## PEOPLE *v.* YOPP

1. CRIMINAL LAW—EVIDENCE—IDENTIFICATION—CONFRONTATION—ASSISTANCE OF COUNSEL.

   All evidence that a witness identified the defendant at a pretrial identification confrontation is to be excluded where the defendant was denied the right to counsel at the time of the confrontation.

2. CRIMINAL LAW—IDENTIFICATION—CONFRONTATION—ASSISTANCE OF COUNSEL—BURDEN OF PROOF.

   The burden is on the prosecution to prove beyond a reasonable doubt that a defendant was offered the assistance of counsel before a pre-trial identification confrontation was held.

3. CRIMINAL LAW—IDENTIFICATION—CONFRONTATION—ASSISTANCE OF COUNSEL—BURDEN OF PROOF.

   The prosecution did not establish beyond a reasonable doubt that the defendant was offered the assistance of counsel before a pre-trial identification confrontation took place where, although the defendant allegedly read and signed a "statement of constitutional rights", neither the time nor the date blanks in the statement were filled in and where the defendant testified that he had received the statement after the confrontation.

4. CRIMINAL LAW—IDENTIFICATION—INDEPENDENT IDENTIFICATION—BURDEN OF PROOF.

   An in-court identification of the defendant may be made after there has been a pre-trial identification confrontation without the assistance of counsel only where the prosecution first establishes by clear and convincing evidence that the in-court identification is not based on the pre-trial confrontation.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]   21 Am Jur 2d, Criminal Law §§ 334, 341.
[2, 3]   21 Am Jur 2d, Criminal Law §§ 317, 334, 341.
[4, 5]   21 Am Jur 2d, Criminal Law §§ 334, 341, 356, 361, 368.

5. Criminal Law—Identification—Evidence.

    A conviction will be affirmed even though there were both an in-
court identification of the defendant and a pre-trial identifica-
tion of the defendant, made when the defendant was without the
assistance of counsel, where the record shows by clear and
convincing evidence that the in-court identification was not
tainted by the pre-trial identification or where evidence shows
beyond a reasonable doubt that the admission of the in-court
identification was harmless error.

Appeal from Oakland, Farrell E. Roberts, J.
Submitted Division 2 June 3, 1970, at Lansing.
(Docket No. 8,419.)  Decided June 26, 1970.

Homer Lee Yopp was convicted of robbery armed.
Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Thomas G. Plunkett,*
Prosecuting Attorney, and *Dennis Donohue,* Chief
Appellate Counsel, for the people.

*George L. Westlund,* for defendant on appeal.

Before: Lesinski, C. J., and Quinn and Rood,* JJ.

Lesinski, C. J.  Defendant Homer Lee Yopp was
tried by a jury and convicted of armed robbery,
MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).
On appeal he raises a question involving the appli-
cation of the rules announced in *United States* v.
*Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed
2d 1149), *Gilbert* v. *California* (1967), 388 US 263
(87 S Ct 1951, 18 L Ed 2d 1178), and *Stovall* v. *Denno*
(1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199).

    Around 3:30 in the morning of October 27, 1968,
the night auditor of the Kingsley Inn was assaulted

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and robbed of a ring and a bank deposit bag containing $400. Upon regaining consciousness, the manager, William Mason, called the Bloomfield Hills Police Department and supplied them with a description of the features and clothing of the two Negro males who had committed the robbery.

Within a half-hour, an officer of the Birmingham Police Department saw the defendant and another man driving in the Kingsley Inn area. Since the appearance of the two men matched the description given by Mason, the officer attempted to apprehend them. After a high-speed chase, during which money was thrown from the suspects' automobile, the men were stopped at a roadblock and arrested. Defendant was wearing Mason's ring and the bank deposit bag was found at the scene. The defendant later confessed to the robbery.[1]

Soon the two men were transferred to the office of the Bloomfield Hills Police Department. There, some time after 4:30 in the morning of October 27, 1968, Mason, responding to a request to identify "the two men we caught," saw the defendant and the other man through a window in the police chief's office. Mason positively identified the men as the robbers.

By timely[2] motion prior to trial, defendant requested an evidentiary hearing to determine the legality of the post-arrest identification confrontation and, hence, the admissibility of the resultant identification testimony.[3] Following the hearing, the trial court determined that the confrontation

---

[1] The validity of the confession was not in issue in the trial court and is not questioned on appeal.

[2] See *People* v. *Childers* (1969), 20 Mich App 639, 646.

[3] For a discussion of the proposition that both formal lineups and informal direct confrontations must conform to constitutional guidelines, see *People* v. *Childers, supra,* 646 at fn 3, and *People* v. *Hutton* (1970), 21 Mich App 312, 321.

was "reasonable" and the identification testimony admissible.

The exclusionary rule fashioned in *Wade* and *Gilbert* admits of no exception. As we said in *People* v. *Childers* (1969), 20 Mich App 639, 646, 647:

"Under these rules, once it is established that the accused was denied the benefit of counsel, all evidence that the witness identified the accused at the confrontation is to be excluded."

See, also, *People* v. *Hutton* (1970), 21 Mich App 312, 324.

The burden is on the prosecution to prove beyond a reasonable doubt that the defendant was offered the assistance of counsel before the confrontation. *People* v. *Young* (1970), 21 Mich App 684, 692, 693.[4]

Reviewing the record of the *Wade* hearing we do not find sufficient evidence to establish beyond a reasonable doubt that the defendant was advised of his right to the presence of counsel at the confrontation. Although the Bloomfield Hills Police Chief produced a "statement of constitutional rights" allegedly read to and signed by defendant before the confrontation, neither the time nor the date blanks on the statement were completed and the defendant testified that he had received the statement after the confrontation. Under these facts, it was clear error to admit into evidence the fact that the witness identified the defendant at the confrontation. *Gilbert* v. *California, supra.*

However, as pointed out in *People* v. *Hutton, supra,* and *People* v. *Childers, supra,* not all testimony

[4] Although the trial court failed to determine whether the defendant was denied the benefit of counsel at the confrontation, the prehearing brief of counsel and the record of the hearing reveal that the issue was properly before the trial court and, therefore, properly considered on appeal.

identifying a defendant as the perpetrator of a crime is rendered inadmissible by the *per se* exclusionary rule of *Gilbert, supra.* "An in-court identification may still be made if, but only if, the prosecution is *first* able to 'establish by clear and convincing evidence that the in-court identification [is based] upon observations of the suspect other than the lineup identification.' *United States* v. *Wade, supra,* at p 240 (87 S Ct at p 1939, 18 L Ed 2d at p 1164)." *People* v. *Hutton, supra,* at 325.

Here the in-court identification is challenged also. We therefore repeat what we said in *People* v. *Hutton, supra,* at 327:

"If it appears from the record by clear and convincing evidence that the in-court identification was not tainted by the prior identification or if the evidence shows beyond a reasonable doubt that admission of that identification was harmless, and there is otherwise no error, the conviction will be affirmed. See *People* v. *Love* (1969), 18 Mich App 228; *People* v. *Wilson* (1969), 20 Mich App 419; *People* v. *Childers, supra; People* v. *Bratton* (1969), 20 Mich App 523; *People* v. *Nugent* (1969), 21 Mich App 58; *People* v. *Martin, supra.* If it can be determined from the record that the in-court identification was tainted and that it does not appear harmless beyond a reasonable doubt, the conviction will be reversed. See *People* v. *Menchaca* (1968), 264 Cal App 2d 642 (70 Cal Rptr 843); *People* v. *Colabella* (1969), 31 App Div 2d 827 (298 NYS2d 40); *People* v. *Hill* (1969), 32 App Div 2d 966 (303 NYS2d 14); *Mason* v. *United States* (1969), 134 App DC 280 (414 F2d 1176). If the record does not permit an informed judgment that the in-court identification had an independent source, or was harmless beyond a reasonable doubt, the case will be remanded for an evidentiary hearing. See *United States* v. *Wade, supra; People* v. *Ballott* (1967), 20 NY2d 600 (286 NYS2d 1). In each of the above postures, the re-

viewing court in reaching its conclusion will independently scrutinize the record, giving customary weight to the findings of the trial court. See *People* v. *Nugent, supra.*

"Finally, where, as here, identifications made at an illegal confrontation are erroneously admitted into evidence, an appellate court must determine whether the error was harmless. See *Gilbert* v. *California, supra; People* v. *Childers, supra.*"

Reviewing the trial record in the instant case, we do not find a separate record determining the independence of the in-court identification. However, we are convinced that the complainant's in-court identification of defendant was based primarily upon his recollection of the appearances of the two robbers gleaned from an extended opportunity for observation during the robbery.

Further, even if we found that the in-court identification was tainted by the post-arrest illegal confrontation and, recognizing that testimony concerning the confrontation was inadmissible, we would still affirm the conviction since our examination of the record reveals that the introduction of the identification testimony was harmless error. (See factual setting detailed *supra.*) *Chapman* v. *California* (1967), 386 US 18 (87 S Ct 824, 17 L Ed 2d 705); *Harrington* v. *California* (1969), 395 US 250 (89 S Ct 1726, 23 L Ed 2d 284); *People* v. *Childers, supra,* at 650; *People* v. *Teal* (1969), 20 Mich App 176. Compare *People* v. *Young* (1970), 21 Mich App 684, 691.

Affirmed.

All concurred.