PEOPLE *v.* COLE

CRIMINAL LAW—APPEAL AND ERROR—EVIDENCE—INCULPATORY STATE-
MENT—WALKER HEARING.

> A claim that it was reversible error for a jury, prior to a *Walker*
> hearing, to have learned of the existence of an inculpatory
> statement made by defendant to the police was without merit
> where the judge excused the jury after it was aware of the
> statement, conducted a *Walker* hearing, and ruled the defend-
> ant's statement was admissible.

Appeal from Recorder's Court of Detroit, Robert
E. De Mascio, J. Submitted Division 1 November
10, 1970, at Detroit. (Docket No. 8458.) Decided
December 7, 1970.

Darryl Lee Cole was convicted of assault with
intent to rob. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Angelo A.
Pentolino,* Assistant Prosecuting Attorney, for the
people.

*M. John Shamo,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 357, 368.

Before: McGREGOR, P. J., and HOLBROOK and O'HARA,* JJ.

PER CURIAM. Defendant was convicted upon a jury verdict of assault with intent to rob, not being armed, (MCLA § 750.88 [Stat Ann 1962 Rev § 28.283]), and was sentenced to 7 to 15 years in prison. From this verdict he appeals.

Defendant assigns two errors for review. First, he contends that his arrest was improper and his conviction, therefore, void. Assuming that defendant's arrest was illegal, all proceedings thereafter are not necessarily rendered void, as he contends. *People* v. *Nawrocki* (1967), 6 Mich App 46. We have examined the record and find that the arrest proceeded from a complaint and identification by the victim, and that the arrest was proper. Furthermore, defendant failed to object to any alleged irregularities regarding his arrest until this appeal.

Prior to trial, defendant made an inculpatory statement to police regarding this crime. He contends that it was reversible error for the jury, prior to a *Walker* hearing,[1] to have learned of the existence of this statement. We find this issue to be without merit, inasmuch as, after the jury was made aware of the statement, the judge excused the jury, conducted a *Walker* hearing, and ruled that the defendant's statement was admissible. Defense counsel made no objection to its admissibility at trial.

Conviction is affirmed.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331.