PEOPLE *v.* KELLY

1. CRIMINAL LAW—OTHER OFFENSES—MOTIVE AND INTENT—LIMITING INSTRUCTION TO JURY.

Failure to give a limiting instruction to the jury on testimony that the defendant on trial for rape, had robbed the complainant's companion during the course of the rape was not error where the defendant did not request a limiting instruction and did not object to the instructions given, and where the testimony had a direct bearing on the defendant's motive and intent concerning the rape.

2. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—INDORSEMENT.

The prosecutor is required to indorse and produce a witness only when that witness is part of the *res gestae.*

3. RAPE—WITNESSES—RES GESTAE WITNESSES—EXAMINING PHYSICIAN.

The examining physician of the complainant in a rape case is a *res gestae* witness.

4. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—PRODUCTION—DUE DILIGENCE—DISCRETION.

Determination that the prosecutor had used due diligence in attempting to produce the examining physician of the complainant in a rape case, a *res gestae* witness, was not an abuse of discretion where the doctor had, at the time of the defendant's trial, returned to Africa.

REFERENCES FOR POINTS IN HEADNOTES
[1] 44 Am Jur, Rape §§ 79–81.
[2] 58 Am Jur, Witnesses § 3.
[3] 44 Am Jur, Rape §§ 73, 102.
[4] 58 Am Jur, Witnesses § 8.
[5] 21 Am Jur 2d, Criminal Law § 368.
[6] 29 Am Jur 2d, Evidence §§ 582, 584, 585, 587.

5. CRIMINAL LAW—PRE-TRIAL IDENTIFICATION—IN-COURT IDENTIFICATION—INDEPENDENT SOURCE.

   Admission of testimony regarding a pre-trial identification of the defendant by the complainant and an in-court identification of the defendant by the complainant was not error where the defendant was represented by counsel at the pre-trial identification lineup, was given all applicable warnings of constitutional rights, and the record indicates that the in-court identification was based upon the complainant's recollection from observations of the defendant during the time he was committing the crime charged.

6. CRIMINAL LAW—CONFESSIONS—ADMISSIBILITY—DETERMINATION OF ADMISSIBILITY—APPEAL AND ERROR.

   The outcome of a hearing determining the admissibility of a defendant's confession will not be overruled unless it is shown that the trial court's determination was clearly erroneous.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 December 14, 1970, at Detroit. (Docket No. 8104.) Decided January 26, 1971. Leave to appeal denied October 13, 1971, 386 Mich 756.

John Robert Kelly was convicted of rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas R. Lewis,* Assistant Prosecuting Attorney, for the people.

*D. Michael Kratchman,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and JEANNETTE,* JJ.

PER CURIAM. Defendant was convicted by a jury of having carnal knowledge of a female over 16

---

* Circuit judge, sitting on the Court of Appeals by assignment.

years of age, MCLA § 750.520 (Stat Ann 1954 Rev § 28.788). He raises five issues in this appeal, taken of right.

The complaining witness testified at trial that on the morning of March 16, 1968, she was with Anderson Johnson, her companion, in a motel room. At 7 a.m. when she awakened, there was a masked man in the room who was holding a gun on Johnson and herself. The defendant locked Johnson in the bathroom. During the 1/2 hour that the defendant was in the room, he raped the complainant three times. Johnson testified at trial that upon being released from the bathroom, he detailed his personal possession losses to be the loss of his identification, wallet, $70 cash, a $175 check, and a watch.

Defendant alleges that the trial court erred when it failed to give a limiting instruction to the jury regarding defendant's alleged robbery of the complaining witness's male companion. We disagree. The testimony given had a direct bearing upon the motive and intent of the defendant concerning the act charged. MCLA § 768.27 (Stat Ann 1954 Rev § 28.1050); *People* v. *Nawrocki* (1967), 6 Mich App 46; *People* v. *Hislope* (1968), 13 Mich App 63; *People* v. *Anderson* (1968), 13 Mich App 247. Further, absent a request therefor or an objection for failure to so instruct, the court is not required to give limiting instructions. GCR 1963, 516.1; *Hunt* v. *Deming* (1965), 375 Mich 581; *People* v. *Stevens* (1970), 25 Mich App 181.

Defendant also argues that it was reversible error for the prosecution to fail to produce the examining physician.

MCLA § 767.40 (Stat Ann 1970 Cum Supp § 28-.980) provides in pertinent part:

"[The prosecutor] shall indorse [on the information] the names of the witnesses known to him at the

time of filing the same.  *  *  *  Names of additional
witnesses may be indorsed before or during the
trial by leave of the court and upon such conditions
as the court shall determine."

However, the prosecution is required to indorse and
produce a witness only when that witness is part
of the *res gestae*. *People* v. *Dickinson* (1966), 2
Mich App 646. Although the examining physician's
name was not on the information, he was still a *res
gestae* witness. However, at the time of trial, it
was shown that the doctor had returned to Africa.
In *People* v. *Melvin Jackson* (1970), 21 Mich App
129, 130, 131, this Court held:

"[R]easonable efforts had been made by the
prosecution to produce this witness, and [the court]
instructed the jury to assume that her testimony
would have been favorable to the defendant. The
question of due diligence in attempting to produce
an indorsed *res gestae* witness is a matter within
the judicial discretion of the trial court, and the
court's ruling will not be overturned unless there is
a clear abuse of its discretion". [Citations omitted.]

No abuse of discretion by the trial court has been
shown. This Court will not disturb that court's
holding without such a showing. *People* v. *Mc-
Laughlin* (1966), 3 Mich App 391.

Defendant next objects to the introduction, at
trial, of testimony regarding the pretrial lineup
identification of him by the complaining witness.
Below, defendant neither objected to the court's re-
ceipt of the lineup testimony nor the admissibility
of the in-court identification.

The Detroit police department record of the
showup, dated March 23, 1968, indicates that the
defendant was represented by an attorney at the
lineup now in question. This Court has held that

any post-arrest confrontation requires that warnings be given which conform with the standards set in *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149); *Gilbert* v. *California* (1967), 388 US 263 (87 S Ct 1951, 18 L Ed 2d 1178); and *Stovall* v. *Denno* (1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199).[1] There was such conformity. In addition, after an independent examination of the record before us, we conclude that the in-court identification was not tainted by the prior lineup identification. *People* v. *Love* (1969), 18 Mich App 228; *People* v. *Wilson* (1969), 20 Mich App 410; *People* v. *Bratton* (1969), 20 Mich App 523; *People* v. *Childers* (1969), 20 Mich App 639. After closely reviewing the record now before us on appeal, we are convinced that the complainant's in-court identification of the defendant was based upon an independent recollection gleaned from the opportunity to observe him during the three acts of sexual assault he committed upon her. That the defendant failed to object bolsters this conclusion.

Defendant asserts that it was error to admit into evidence testimony given by a Detroit police detective concerning statements made to him by the defendant while the defendant was in police custody. The trial judge admitted this evidence after a hearing, pursuant to *People* v. *Walker* (*On Rehearing*, 1965), 374 Mich 331. It is well settled that this Court will not overrule the outcome of a *Walker* hearing unless it is shown that the trial court's determination was clearly erroneous. *People* v. *Werner* (1970), 26 Mich App 109; *People* v. *Stewart* (1970), 25 Mich App 205. Such error has not been shown.

---

1 *People* v. *Yopp* (1970), 25 Mich App 69.

Defendant's final contention is that the trial court erred when it instructed the jury regarding the defendant's right to remain silent. This contention is without merit, because defendant failed to object to those instructions. *People* v. *Waters* (1969), 16 Mich App 33; *People* v. *Lewis* (1970), 26 Mich App 290.

Affirmed.