PEOPLE *v.* JOHNSON

OPINION OF THE COURT

1. CRIMINAL LAW—EVIDENCE—IDENTIFICATION BASED ON GENERAL BUILD.

Witness's testimony based solely on the defendant's general build that the defendant was present in a certain bar on the night of the crime charged was properly admitted where the defendant failed to show that he was prejudiced by the identification testimony since he had admitted to being present in the bar on the night in question.

2. CRIMINAL LAW—EVIDENCE—OTHER CRIMES—HARMLESS ERROR.

Admission of evidence that the defendant was rifling through the glove box of a parked car at the time of his arrest for

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 372.
[2] 5 Am Jur 2d, Appeal and Error § 320.
    30 Am Jur 2d, Evidence § 776 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error §§ 778, 779.
[4] 29 Am Jur 2d, Evidence § 320.

a homicide, even though not within the statutory exception to the general rule barring evidence of other offenses of a defendant, was, at most, harmless error, where the testimony regarding the rifling was scant (MCLA § 768.27; GCR 1963, 529.1).

3. CRIMINAL LAW—EXTRAJUDICIAL STATEMENTS—ADMISSIBILITY—APPEAL AND ERROR—STANDARD OF REVIEW.

Outcome of an evidentiary hearing to determine the admissibility of a defendant's extrajudicial statements will not be overruled by an appellate court unless the trial court's determination of their admissibility is clearly erroneous.

CONCURRENCE BY O'HARA, J.

4. CRIMINAL LAW—EVIDENCE—OTHER CRIMES.

*Admission of evidence that the defendant, at the time of his arrest for a homicide, was rifling through the glove compartment of a car parked in the lot where the murder victim was beaten, stabbed, and robbed was not error, harmless or otherwise.*

Appeal from Recorder's Court of Detroit, Donald S. Leonard, J.  Submitted Division 1 March 3, 1971, at Detroit.  (Docket No. 10464.)  Decided April 26, 1971.  Leave to appeal denied, 386 Mich 779.

Gerald R. Johnson was convicted of manslaughter. Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Raymond L. Miller,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and QUINN and O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

V. J. Brennan, P. J.   Defendant was charged
with second-degree murder[1] and was convicted by
a jury of manslaughter.[2]   He was sentenced to serve
11 to 15 years in prison.

At trial, two witnesses positively identified de-
fendant as having entered Mickey's Bar at 7851
West Jefferson by the rear door at about 10:45 p.m.
on October 16, 1969.   He looked as if he had been
in a scuffle, and requested bandaids for an injury
on his hand.   He visited the men's room, tried to
make conversation with the barmaid, and left
through the front door after about ten minutes.   In
the course of defendant's own testimony offered at
trial, he admitted entering Mickey's Bar, but he
claimed he entered by the front door.   About 15
minutes after defendant left the bar, the body of
deceased was found behind the bar in a small park-
ing lot, beaten, stabbed, and his empty wallet lying
beside him.   Defendant was arrested at about 2:30
a.m. that same night while rifling through the glove
compartment of a car parked beside Mickey's Bar.

Scientific police analysis disclosed that defend-
ant's shoes and jacket bore type "O" blood stains.
Defendant's type is "B"; the victim's was "O".

Part of the defense was that at the time the victim
was alleged to have been stabbed, defendant was
involved in an altercation one and one-half blocks
away.   Two witnesses to that altercation, produced
by the prosecution, testified that at about 11:05 or
11:10 p.m. defendant was beating, kicking, and going
through the pockets of a second, although unknown,
victim on the sidewalk beside West Jefferson.   One
witness testified that defendant brandished a knife.
The prosecution contended that this second alter-
cation occurred at a time different from the crime

---

[1] MCLA § 750.317 (Stat Ann 1954 Rev § 28.549).
[2] MCLA § 750.321 (Stat Ann 1954 Rev § 28.553).

charged, probably later, but that the testimony elicited described a course of criminal conduct pursued by defendant. The prosecution's theory was that defendant had killed the deceased victim behind Mickey's Bar in the course of the same type of attack later witnessed upon a second victim only a block and one-half away a short time later.

On appeal defendant makes three assignments of error, none of which requires reversal.

First, defendant contends that the court erred in allowing a prosecution witness to identify him as being in Mickey's Bar on the night of the homicide solely on the basis of defendant's "general build". Not only does this contention lack substantive merit, *People* v. *Richard L. Smith* (1969), 15 Mich App 505, 507, but it completely fails to demonstrate any prejudice to defendant, since he himself admitted to being present in the bar.

Next, defendant contends that it was error to allow evidence of another crime to be placed before the jury. Specifically, defendant objects to testimony that he was "rifling" through the glove box of a parked car at the time of his arrest. We note that the testimony on this point is indeed scant. Although we do not feel that this case comes within the statutory exception[3] to the general rule barring evidence of other offenses of the defendant, reversal is not warranted on this record, because the error was, at most, harmless. GCR 1963, 529.1.

Defendant's third assignment of error is that the trial judge allowed the prosecution to read statements to the jury which were allegedly elicited from defendant after his request to have counsel appointed for him was denied. Upon defendant's objection to the proffered evidence, a *Walker*[4] hearing was

---

[3] MCLA § 768.27 (Stat Ann 1954 Rev § 28.1050).
[4] *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331.

held out of the presence of the jury to determine the question of admissibility. See *People* v. *Cole* (1970), 28 Mich App 517.

At the *Walker* hearing, Officer Herman Wagner of the Detroit Police Department testified that defendant admitted to him that he had used a knife on the night of October 16th and that he had beaten a man in the alley behind Mickey's Bar. This statement was allegedly made after defendant was informed of his right to have an attorney present. Officer Wagner testified that when defendant was told he was entitled to have an attorney before making any statement, he responded by saying, "there was only his mother and that she couldn't afford an attorney. He would have to have an appointed attorney." Officer Wagner further testified that defendant did not want an attorney at that time but said he "would accept an appointed attorney later".

Defendant took the stand at the *Walker* hearing and denied having made the statement in question. He also insisted that he had unequivocally demanded an attorney but that none was ever provided for him.

At the conclusion of the hearing the court found that defendant was given his *Miranda* warnings,[5] that he was aware that he was entitled to have an attorney present before making any statement, and that the defendant chose to make the admissions anyway. The court further found that the admissions were not excludable as the product of an illegal detention in the absence of evidence that the detention was used for coercive purposes. *People* v. *Farmer* (1968), 380 Mich 198.

It is well settled that this Court will not overrule the outcome of a *Walker* hearing unless the trial

[5] *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974).

court's determination is clearly erroneous. *People v. Kelly* (1971), 30 Mich App 154.

A careful reading of the record reveals ample justification for a finding that defendant knowingly and intelligently waived his right to have counsel present during interrogation. *Miranda, supra,* p 475.

For the foregoing reasons, the defendant's conviction is affirmed.

Affirmed.

QUINN, J., concurred.

O'HARA, J. (*concurring*). I concur in the result reached by my colleagues.

I do not agree that the admission of the testimony concerning the defendant "rifling" through the glove compartment of a car parked in the lot where decedent was beaten, stabbed, and robbed was error, harmless or otherwise.