PEOPLE *v.* VIDA.

1. FALSE PRETENSES—EVIDENCE—OTHER ACTS.
   Record in prosecution for obtaining property of a value of more
   than $100 by false pretenses *held,* to clearly indicate defendant
   falsely represented himself under another name, that he was
   in the real-estate business, that a $2,660 car was being
   purchased for his wife, that the complainant believed and
   relied on the defendant's false pretenses and was induced
   to give up possession of the car, and that like false represen-
   tations were made by defendant to other persons the day
   before and on the same day as false representations were made
   to complainant (CLS 1961, § 750.218).

2. SAME—FUTURE EVENTS—POSTDATED CHECK—INSTRUCTIONS.
   It was not error for trial court to deny motion to strike para-
   graphs of information relative to what might occur in the
   future from information in prosecution for obtaining prop-
   erty by false pretenses by use of postdated check and in in-
   structing jury that the false pretense may consist of issuing
   such check knowing there would be no money in the bank when
   it was presented, since such check was relevant and material
   as to defendant's motive, intent, scheme, plan, or system in
   doing the act (CLS 1961, § 750.218; CL 1948, § 768.27).

3. SAME—INSTRUCTIONS—NONDISCLOSURE OF OTHER PURCHASES—AC-
   TIONS RATHER THAN WORDS.
   It was not error for trial court to instruct jury in prosecution
   for obtaining property by false pretenses that they might
   consider the nondisclosure of the purchase of other automobiles
   as a false pretense, since it is not essential that the pretenses

REFERENCES FOR POINTS IN HEADNOTES
[1] 22 Am Jur, False Pretenses §§ 101, 103.
[2] 22 Am Jur, False Pretenses §§ 59, 70, 96.
[3] 22 Am Jur, False Pretenses §§ 109, 111.
[4] 22 Am Jur, False Pretenses §§ 59, 70.
[5] 22 Am Jur, False Pretenses §§ 105, 109.

by which a fraud is accomplished be expressed in words, false-hood deliberately acted being the same as spoken word (CLS 1961, § 750.218; CL 1948, § 768.27).

4. SAME—POSTDATED CHECK—EXISTING FACTS—OTHER ACTS—INTENT.

Rule that postdated check does not constitute grounds for a charge of false pretenses is not applicable to case where false pretenses and false representations were made by the defendant to complainant relative to present existing facts, past facts, and supported by testimony of like or similar acts of defendant tending to show his motive, intent, scheme, plan, or system in doing the act (CLS 1961, § 750.218; CL 1948, § 768.27).

5. SAME—NONDISCLOSURE OF OTHER ACTS—EVIDENCE.

Defendant in prosecution for obtaining property by false pretenses was not under an obligation to disclose to the complainant that he had purchased 2 automobiles for his wife just prior to negotiations with complainant, but testimony relating to such purchases was admissible as proof of intent (CLS 1961, § 750.218; CL 1948, § 768.27).

Appeal from Recorder's Court; Ricca (John A.), J. Submitted Division 1 November 3, 1965, at Detroit. (Docket No. 57.) Decided March 9, 1966. Leave to appeal granted by Supreme Court May 11, 1966. See 377 Mich 709.

Ernest J. Vida was convicted of obtaining property, valued at more than $100, by false pretenses. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Ivan E. Barris,* for defendant.

WATTS, J. Ernest J. Vida was convicted in the recorder's court of Detroit of obtaining property of a value of more than $100 by false pretenses in violation of CLS 1961, § 750.218 (Stat Ann 1962 Rev

§ 28.415) and was sentenced to prison for a period of not less than 7-1/2 nor more than 10 years. Defendant appealed to the Supreme Court. The case was transferred to the Court of Appeals on October 14, 1964.

Testimony was introduced tending to show that on January 24, 1963, defendant Vida representing himself as George Annis made a small rental deposit on a vacant store in the city of Pontiac, Michigan, under the name of Annis Real Estate and Tax Office. There is no record of a George Annis being licensed as a real-estate broker or real-estate salesman in the State of Michigan. On that same day, the defendant represented himself as George Annis to an employee of the Oakland county clerk's office and filed a certificate of doing business under the name of Annis Real Estate and Tax Service.

On January 26, 1963, the defendant representing himself as George Annis opened a checking account at a local bank with a deposit of $50.

Complainant Melbourne P. King testified that on February 3, 1963, his advertisement for the sale of an automobile appeared in a Detroit newspaper and on that day the defendant answered the advertisement.

Defendant, representing himself as George Annis of the Annis Real Estate and Tax Service, negotiated with the complainant for the purchase of an Oldsmobile automobile for defendant's wife. Defendant represented to the complainant that defendant was in the real-estate business; he gave a postdated company check bearing the name, address and telephone number of the Annis Real Estate and Tax Service in the amount of $2,660. The defendant took possession of the automobile, which has not been located to the present time. On February 4, 1963, the complainant attempted to cash the postdated check,

which was returned with the notation "insufficient funds."

The record clearly indicates that defendant Vida falsely represented himself as George Annis, that he was in the real-estate business,[1] and that the automobile was being purchased for his wife.

The record also indicates that the complainant believed and relied on the defendant's false pretenses and was induced to give up possession of his automobile.

The record further indicates like and similar false representations were made by the defendant to other persons the day before and on the same day that the false representations were made to the complainant.

The people contend that the defendant may be found guilty of false pretenses based upon a promise to act in the future coupled with a misrepresentation of past and existing facts made as inducements for the delivery of personal property.

The people further contend that the defendant's silence on the purchase of two cars for his wife on February 2 and 3, 1963, just prior to his negotiations with the complainant, is evidence of false pretense.

Was sufficient and competent testimony presented to make an issue of fact for the jury as to defendant's guilt and to support the jury's verdict of guilty?

Was it reversible error for the court to instruct the jury that they may consider nondisclosure of the purchase of two other automobiles on the same

---

[1] CL 1948, § 451.201 (Stat Ann 1964 Rev § 19.791). "It shall be unlawful for any person, firm, partnership, association, co-partnership or corporation, whether operating under an assumed name or otherwise, from and after January first, 1920, to engage in the business or capacity, either directly or indirectly, of a real estate broker or real estate salesman within this State without first obtaining a license under the provisions of this act."

day by the defendant for his wife as evidence of false pretense?

Defense counsel contends that a false pretense must relate to an existing fact and cannot consist of a promise concerning what might occur in the future; that silence does not constitute a false pretense; and that the court committed several errors in the trial of the instant case.

As a result of these contentions, defense counsel requested and the trial court properly denied motions to strike subparagraph 8 of count one of the information:

"There would be sufficient funds in the Pontiac State Bank to cover the check of $2,660 drawn on that bank, and delivered by the said Ernest John Vida, alias George Annis, to the said Melbourne P. King at the time of the presentment of the said check;"

and subparagraph 5 of count one of the information:

"He failed to disclose to the said Melbourne P. King the fact that he was in the process of purchasing other automobiles at the time he was purchasing the said 1962 Oldsmobile, two-door coach, motor number 622M33439."

Both of the said allegations are material as to the defendant's motive, intent, scheme, plan, or system in doing an act. CL 1948, § 768.27 (Stat Ann 1954 Rev § 28.1050):

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior

or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

The court did not err in instructing the jury that false pretense may consist of giving a postdated check if the defendant knew at the time of issuing the same that there would be no money in the bank at the time the check was presented. The said check is relevant and material as to defendant's motive, intent, scheme, plan, or system in doing the act. CL 1948, § 768.27, *supra.*

The court did not err in instructing the jury that they might consider the nondisclosure of the purchase of other automobiles as a false pretense. *People* v. *Clark* (1862), 10 Mich 310, holds that it is not essential that the pretenses by which a fraud is accomplished be expressed in words. Falsehood when deliberately acted is the same as spoken word.

The court adequately instructed the jury on the elements necessary in the proof of the offense charged.

We are cognizant of the well-established rule of law that a postdated check, being merely a promise to pay an obligation in the future, does not constitute grounds for a charge of false pretense. However, the rule of law is not applicable to the facts in the instant case where false pretenses and false representations were made by the defendant to the complainant relative to present existing facts, past facts, and supported by testimony of like or similar acts of the defendant which tend to show his motive, intent, scheme, plan, or system in doing the act.

We find sufficient and competent testimony for the jury to find that the defendant deliberately undertook by means of false pretenses to cheat and

defraud the complainant out of an automobile valued at $2,660.

We find that the defendant did not owe a duty to disclose to the complainant that he, the defendant, had purchased two automobiles for his wife just prior to negotiations with the complainant, but testimony relating to the purchases was admissible as proof of intent.   CL 1948, § 768.27, *supra.*

See, also, *People* v. *Wakely* (1886), 62 Mich 297; *People* v. *Etzler* (1940), 292 Mich 489; *People* v. *Bagwell* (1940), 295 Mich 412; *People* v. *Larco* (1951), 331 Mich 420.

We have examined all the assignments of error made by the defendant and find that no reversible error was committed by the court.

Affirmed.

LESINSKI, C. J., and QUINN, J., concurred.