PEOPLE *v.* PARM

1. CRIMINAL LAW — PRELIMINARY EXAMINATION — SUFFICIENCY OF EVIDENCE — DISCRETION OF MAGISTRATE.

> The findings of the examining magistrate in a criminal case as to whether there was probable cause to believe that a crime was committed and that defendant committed it will not be interfered with unless there is a clear abuse of discretion.

2. SAME — UTTERING AND PUBLISHING FORGED INSTRUMENT — EVIDENCE.

> Any competent evidence tending to prove the uttering is admissible in a prosecution for uttering a forged instrument.

3. SAME — UTTERING AND PUBLISHING FORGED INSTRUMENT — EVIDENCE — HEARSAY — EXCEPTIONS — BUSINESS ENTRY RULE — HARMLESS ERROR.

> Admission in evidence by trial court of a checking account signature card under the business entry exception to the rule against hearsay in a prosecution for uttering and publishing a forged instrument *held*, technically error, this exception not applying to criminal cases; but the error was harmless because this evidence was merely preliminary, did not implicate defendant in the crime charged, and there was other evidence for what it showed.

4. SAME — UTTERING AND PUBLISHING FORGED INSTRUMENT — EVIDENCE — OTHER CRIMES.

> Proof of other acts or crimes committed by defendant is admissible at trial of defendant for uttering and publishing a forged instrument if this proof shows defendant's scheme or plan in doing an act (CL 1948, § 768.27).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 447, 449.
[2, 3] 36 Am Jur 2d, Forgery § 47.
[4] 36 Am Jur 2d, Forgery § 48.
[5] 53 Am Jur, Trial § 580.
[6] 41 Am Jur, Pleading § 370 *et seq.*
[7] 21 Am Jur 2d, Criminal Law § 570.

5. SAME—INSTRUCTIONS TO JURY—EVIDENCE—HARMLESS ERROR.

Instruction to jury by trial court that defendant "was seen to take something" from complainant's mailbox when the proofs did not clearly show such facts *held*, harmless error where this evidence only served to show a plan or scheme.

6. SAME—EVIDENCE—TIME OF COMMISSION OF CRIME.

Failure of prosecution to prove the crime at the exact time charged is not fatal unless the nature of the crime makes time of the essence.

7. SAME—SENTENCE—DISCRETION OF TRIAL COURT—RIGHT OF APPEAL.

Imposition by trial court of a harsher sentence on defendant after a rehearing where the offense, the plea, and the sentencing judge are the same as in the prior proceeding, and the record reveals no grounds to support the harsher sentence, unduly infringes on the constitutional right of appeal.

Appeal from Kent, Hoffius (Stuart), J. Submitted Division 3 October 11, 1968, at Grand Rapids. (Docket No. 3,965.)   Decided December 24, 1968.

Arnold Claude Parm was convicted of uttering and publishing a forged instrument. Defendant appeals. Affirmed but remanded for resentencing.

*VanderWerff, Howard & Addison,* for defendant.

TEMPLIN, J. On February 26, 1965, the defendant was sentenced to a term of three to fourteen years after a plea of guilty to the charge of uttering and publishing a forged instrument in violation of CL 1948, § 750.249 (Stat Ann 1962 Rev § 28.446). Upon motion the plea of guilty was set aside with a remand of proceedings to the Grand Rapids municipal court for preliminary examination. Subsequent trial of the cause resulted in a jury verdict of guilty as charged on April 20, 1967. The court then forthwith sentenced the defendant to from four to fourteen

years in prison. It is from this conviction and sentence that defendant now appeals alleging some nine separate grounds for reversal.

Defendant's first assignment of error is that the municipal court committed reversible error after the preliminary examination by binding the case over for trial in the circuit court. We find defendant's contention here groundless. A review of the preliminary examination transcript reveals substantial testimony establishing that the crime in question was committed and probable cause that the defendant committed it. Except in case of a clear abuse of discretion, this court will not interfere with the findings of the examining magistrate. *People v. Hirschfield* (1935), 271 Mich 20. Also see *People v. Delaney* (1962), 367 Mich 694.

Defendant next objects to admission during the trial of people's exhibit no. 1, the allegedly forged check, on the basis that it was not properly identified and, in any event, was hearsay. The complaining witness testified that the check, made out to himself, was endorsed by someone other than himself writing his name, misspelling it in the process. To show uttering of a forged instrument, any competent evidence tending to prove the uttering is admissible. 37 CJS, *Forgery,* § 85, p 95. Also see 37 CJS, Forgery, § 81, p 93. We find the hearsay rule clearly not applicable, the exhibit being offered merely to show that such a check was made, not to prove the truth of any matter asserted therein.

Defendant again raises the hearsay rule in his objection to the admission of people's exhibit no. 2, a checking account signature card, under the statutory business entries exclusion to the rule. CLS 1961, § 600.2146 (Stat Ann 1962 Rev § 27A.2146). Defendant bases his contention in this regard that the business records exception to the rule does not

apply to criminal cases under the holding of *People*
v. *Lewis* (1940), 294 Mich 684. In that case, involv-
ing a prosecution for practicing medicine without a
license, the hospital record produced in court by the
record clerk tended to directly prove the charge
against the defendant as to his treatment of a preg-
nant woman at the hospital and as such, without
the benefit of cross-examination, the record was in-
deed damaging and highly prejudicial. We find,
however, a clear distinction between the factual
situation of the *Lewis Case* and that of the instant
cause. The contested exhibit no. 2, a bank signature
card, indicated those officials whose signatures were
necessary for issuance of valid checks on the Ameri-
can Motors account. Such evidence was merely pre-
liminary and in no way tended to implicate the de-
fendant in the crime as charged. In addition, the
check in question was properly identified by other
witnesses as to other characteristics apart from the
signature of the drawer. Under the holding of
*Lewis* we find that admission of the signature card
as a business record exception to the hearsay rule
was technically error, but that such error was not of
a prejudicial nature constituting grounds for re-
versal.

Defendant next attacks the admission of testimony
implicating the defendant in another crime, *i.e.*, tes-
timony of two police officers on stakeout that they
observed the defendant approximately a month and
a half after the alleged crime opening the mailbox of
the complainant. We find that such testimony comes
within the clear purview of the statute allowing
proof of other acts or crimes in proving the defend-
ant's scheme, plan or system in doing an act. CL
1948, § 768.27 (Stat Ann 1954 Rev § 28.1050). Mich-
igan has allowed evidence implicating the defendant
in other crimes in a number of forgery and uttering

cases to show intent, a lack of mistake, or plan, or scheme. *Carver* v. *People* (1878), 39 Mich 786; *People* v. *Golner* (1944), 308 Mich 351. The complainant herein had testified to the absence from his mailbox of his pay check mailed weekly thus prompting the investigation. The testimony of the officers was clearly admissible to show the plan or scheme of the defendant in rifling pay checks from the complainant's mailbox and is easily distinguishable from the factual situations of *People* v. *Mooney* (1961), 363 Mich 454, and related cases cited by defendant in which there was no showing of scheme, plan, system, motive, or intent.

Defendant claims error in the court's instruction that the defendant was "seen to take something" from complainant's mailbox when the proofs did not clearly show such facts. Although, again, this was error on the part of the court, it was not error of a material or prejudicial nature so as to distinguish it from *People* v. *Lintz* (1928), 244 Mich 603, relied on by defendant. Further, instructions of the court restricting the use of such evidence solely to show a plan or scheme on the part of the defendant render immaterial whether the defendant merely looked into the mailbox or actually took something therefrom.

The Court finds no merit in defendant's contention that the trial court, in its charge, committed reversible error by telling the jury that the crime was committed, "on or about December 11, 1964" when the information actually charged the crime as being committed "on December 11, 1964". Neither does the Court find merit in the fact that the proofs tended to show commission of the crime on December 10, 1964. Time here was not an essence of the offense and failure to prove the crime at the

exact time charged was not fatal. 7 ALR 1531, 68 ALR 931.

Defendant's final contention is that the court committed reversible error in sentencing the defendant to four to fourteen years in prison upon a jury verdict of guilty after sentencing him to three to fourteen years when he had previously pled guilty to the same charge. We agree with defendant's contention in this regard, having recently reviewed this particular issue in *People* v. *Mulier* (1968), 12 Mich App 28. In *Mulier,* Chief Judge LESINSKI, speaking for the Court, said (p 33):

"To allow the imposition of a harsher sentence after a rehearing, where the offense, the plea, and the sentencing judge are the same as in the prior proceeding and the record barren of any grounds tending to support the harsher sentence, unduly infringes upon the constitutional right of appeal."

Accordingly, we affirm the conviction and remand the cause to the trial court for entry of a new sentence in accordance with the original sentence.

Remanded for resentencing.

LESINSKI, C. J., and FITZGERALD, J., concurred.