PEOPLE v. BRATTON

1. APPEAL AND ERROR—APPELLATE COURTS—CONFLICTING EVIDENCE—
REVERSAL.
   Appellate courts are not reviewing juries and will not reverse
   a verdict based on conflicting evidence.

2. APPEAL AND ERROR—COURT OF APPEALS—FAILURE TO OBJECT—
PRESERVING QUESTION.
   The Court of Appeals will not consider issues raised for the
   first time on appeal, a principle which applies to defendants
   who fail to make timely objection to the admission of evidence
   which they should have known would be subject to consti-
   tutional attack.

3. CRIMINAL LAW—IDENTIFICATION—LINEUP—ASSISTANCE OF COUN-
SEL—PREJUDICE.
   Defendant accused of rape was not prejudiced by not having
   counsel present when complainant identified him from a lineup
   where she had observed him at the time the crime was com-
   mitted and it was this observation that enabled her to identify
   him at the lineup and in court (MCLA § 750.520).

Appeal from Recorder's Court of Detroit, Donald
S. Leonard, J. Submitted Division 1 December 2,
1969, at Detroit. (Docket No. 5,561.) Decided De-
cember 8, 1969.

Calvin Bratton was convicted of rape. Defendant
appeals. Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal & Error § 834.
[2] 5 Am Jur 2d, Appeal & Error § 601 et seq.
[3] 21 Am Jur 2d, Criminal Law §§ 313, 314.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant on appeal.

Before: R. B. Burns, P. J., and Holbrook and V. J. Brennan, JJ.

Per Curiam. Defendant was convicted by a jury of rape, MCLA § 750.520 (Stat Ann 1954 Rev § 28-.788).

The complainant testified that while she was walking home the defendant passed her on the sidewalk and she was grabbed from behind with a choke-hold. She lost consciousness. When she recovered her senses, she was between two buildings, bound and gagged, with her coat over her head.

She further testified that the attacker cut off her undergarment with a knife and started to rape her. The attacker was startled by a sound from a nearby house and he pulled the complainant to her feet and dragged her towards the street. As she struggled the coat fell from her face and she saw the defendant.

The defendant took the complainant to another place and completed the act of sexual intercourse.

Defendant denied the offense, asserted the defense of alibi and presented several witnesses in his behalf.

Defendant appeals claiming there was not sufficient evidence to justify the jury returning a verdict of guilty and that it was reversible error to admit testimony that the complainant had identified the defendant at a lineup, when he was not represented by an attorney at the lineup.

The law in Michigan is that an appellate court is not a reviewing jury. A verdict based on conflicting evidence will not be reversed on appeal. *People* v. *Eagger* (1966), 4 Mich App 449.

The question of the defendant not being represented by an attorney at the lineup was not raised in the trial court. Ordinarily this Court will not consider issues raised for the first time on appeal and it has been held that this principal applies when defendants fail to object timely to the admission of evidence which they should have known was subject to constitutional attack. *People* v. *Wilson* (1967), 8 Mich App 651.

However, in this case the lineup and trial occurred within months of the United States Supreme Court decision of *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149) which held that a defendant was entitled to have an attorney present at a lineup. The *Wade* case was remanded to the trial court to determine if there was a sufficient source of observation to substantiate the in-court identification, independent of the lineup. In our present case the complainant testified that she saw the defendant when the coat fell off her head and it was this observation that enabled the complainant to identify the defendant at the lineup and in court. There was no prejudicial error.

Affirmed.