PEOPLE *v.* LEAR

1. CONSTITUTIONAL LAW—RIGHT OF APPEAL.

   A person convicted of a criminal offense has a constitutional right to appeal or collaterally attack that conviction.

2. CRIMINAL LAW—RIGHT OF APPEAL—SENTENCES—HARSHER SENTENCE.

   A harsher sentence may not be imposed on a defendant after a retrial of his case unless (a) the record affirmatively dis-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 4.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 533, 572.
Propriety of increased punishment on new trial for same offense. 12 ALR3d 978.

closes reasons for the harsher sentence, (b) those reasons are based on objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentence proceeding, and (c) the factual data on which the harsher sentence is based appears in the record.

3. CRIMINAL LAW—RIGHT OF APPEAL—SENTENCES—HARSHER SENTENCE.

A harsher sentence imposed by the circuit court on the defendant on his appeal than was imposed by the municipal court for a conviction of failing to properly indorse and deliver a certificate of vehicle title was not violative of the defendant's constitutional rights where the record showed that between the sentencing by the municipal court and sentencing by the circuit court the defendant committed three separate offenses.

Appeal from Muskegon, Charles A. Larnard, Jr., J. Submitted Division 3 September 29, 1970, at Detroit. (Docket No. 8687.) Decided December 10, 1970.

Marlyn Lear was convicted, on his plea of guilty, of failure to properly indorse and deliver a certificate of vehicle title. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Paul M. Ladas,* Prosecuting Attorney, and *Fredrick A. Grimm, Jr.,* Chief Assistant Prosecuting Attorney, for the people.

*White, Spaniola, Knudsen & Stariha,* for defendant on appeal.

Before: McGREGOR, P. J., and T. M. BURNS and O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

O'Hara, J. Defendant was charged in municipal court with failing to properly indorse and deliver a certificate of vehicle title. The violation is a misdemeanor carrying a maximum penalty of $100 fine, 90 days in jail, or both. MCLA § 257.901 (Stat Ann 1968 Rev § 9.2601).[1]

Defendant was found guilty after trial on the merits and sentenced to 90 days probation, $100 fine and ordered to deliver the title certificate within 30 days or serve the remaining 60 days. Defendant failed to make the necessary transfer of title within 30 days.

Defendant appealed his conviction to circuit court (Const 1963, art 1 § 20) but thereafter entered a plea of guilty. The circuit court imposed a new sentence of 90 days, with the first 30 days to be served immediately, the remaining 60 days to be discretionary, and one and one-half years probation.

Defendant contends that a harsher sentence may not be imposed upon retrial or appeal than was imposed after the original conviction and to do so results in reversible error.

The issue is controlled by *North Carolina v. Pearce* (1969), 395 US 711 (89 S Ct 2072, 23 L Ed 2d 656). The court stated at pp 725, 726:

"Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

---

[1] Amended by PA 1969, No 240, eff March 20, 1970. See MCLA 1970 Cum Supp § 257.901 (Stat Ann 1970 Cum Supp § 9.2601).

"In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."

This rule was anticipated by this Court:

"To allow the imposition of a harsher sentence after a rehearing, where the offense, the plea, and the sentencing judge are the same as in the prior proceeding and *the record is barren of any grounds tending to support the harsher sentence,* unduly infringes upon the constitutional right of appeal." (Emphasis supplied.) *People* v. *Mulier* (1968), 12 Mich App 28, 33. See also, *People* v. *Parm* (1968), 15 Mich App 303, 308.

The files and records before the circuit court in this case disclose three separate offenses by defendant after sentencing by the municipal court and before sentencing by the circuit court. They were: failure to return rented property; speeding; and failure to notify the driver's license bureau of change of address. This last-mentioned offense was reduced from an original charge of driving while his operator's license was suspended.

These records, together with the records of earlier offenses, amply justify the circuit judge's conclusion that "Apparently, you [defendant] have no consideration at all for the minor standards that the

law demands of you". They affirmatively establish grounds for the harsher sentence.

Affirmed.

All concurred.