PEOPLE *v.* LLOYD

1. CRIMINAL LAW—EVIDENCE—ERRONEOUS ADMISSION—HARMLESS ERROR.

Erroneous admission of evidence in a criminal case is not a ground for reversal unless it affirmatively appears that the error complained of has resulted in a miscarriage of justice (MCLA § 769.26; GCR 1963, 529.1).

2. CRIMINAL LAW—EVIDENCE—ERRONEOUS ADMISSION—HARMLESS ERROR.

A technically erroneous admission of evidence is harmless where the evidence does not tend to implicate the defendant in the crime charged and is not necessary for identification purposes.

3. FORGERY—EVIDENCE—ERRONEOUS ADMISSION—HARMLESS ERROR.

Allowing the jury in defendant's trial for uttering and publishing a forged check to see a yellow slip, written by a bank, which stated that the allegedly forged check, to which the slip was attached, was being returned because the account could not be found was at most only harmless error even though the slip had not been formally admitted into evidence where defendant does not allege prejudice, the prosecution did not refer to the slip in its case, the slip did not implicate the defendant in the crime charged, the information on the slip was testified to by a bank employee based on his own search of bank records, and both the defendant and the merchant who cashed the check for the defendant clearly identified the check (MCLA §§ 750.249, 769.26).

Appeal from Lapeer, James P. Churchill, J. Submitted Division 2 April 1, 1971, at Detroit. (Docket No. 8299.) Decided April 27, 1971.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 5 Am Jur 2d, Appeal and Error § 778.
[3] 29 Am Jur 2d, Evidence § 771 *et seq.*

Larry L. Lloyd was convicted of uttering and publishing a forged check. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Martin E. Clements,* Prosecuting Attorney, for the people.

*Bahls & Preisel,* for defendant.

Before: J. H. GILLIS, P. J., and FITZGERALD and T. M. BURNS, JJ.

PER CURIAM. Defendant was charged with uttering and publishing a forged instrument. MCLA § 750.249 (Stat Ann 1962 Rev § 28.446). Defendant was convicted by a jury as charged and sentenced to not less than 4 years nor more than 14 years in prison. Defendant appeals and assigns as error the viewing by the jury of a yellow slip attached to the allegedly forged instrument, which was People's Exhibit No 1.

The yellow slip attached to the check, which was admitted into evidence by the trial judge, was identified by a bank employee as an explanation that is attached to unpaid checks which are returned to the bank's customer. The yellow slip indicates that the check to which it is attached is being returned unpaid and indicates the reason for doing so. In this case, at the bottom of the slip, appear the words "Cannot locate acct."

It is true that the check itself was formally admitted into evidence, after being identified by the grocery store owner who cashed it for defendant. The yellow slip which was attached to the check was never formally admitted into evidence. Error in the admission of evidence shall not be grounds for

reversal unless it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice. MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096), GCR 1963, 529.1.

Although defendant alleges error in permitting the jury to view the yellow slip attached to the check, he does not allege prejudice. No objection was made at trial to the presence of the yellow slip on the check or to the jury being allowed to see it. The yellow slip was never referred to in the presentation of the people's case.

Where a technically erroneous admission of evidence does not tend to implicate the defendant in the crime as charged and the evidence is not necessary to identification purposes, the error is harmless. *People* v. *Parm* (1968), 15 Mich App 303. In the present case the yellow slip attached to the check in no way implicated defendant in the crime as charged. The information on the yellow slip, *i.e.,* that the account drawn upon did not exist, was testified to fully by a bank employee based upon his own search of bank records. The forged check was clearly identified by the grocery store owner who cashed it and by defendant. The other evidence of the crime of uttering and publishing a forged instrument by defendant was clear and untainted by the yellow slip.

If it was error to allow the jury to view the yellow slip attached to the check, then the error was harmless.

Affirmed.