PEOPLE v POST

CRIMINAL LAW—EVIDENCE—OTHER ACTS—SCHEME, PLAN OR SYSTEM—
STATUTES.

> Evidence of other acts, which are not necessarily acts similar to the offense charged, is admissible in a defendant's criminal trial where this evidence tends to show the defendant's motive, intent, the absence of mistake or accident on his part, or his scheme, plan, or system in doing the act in question (MCLA 768.27; MSA 28.1050).

Appeal from Genesee, Harry B. McAra, J. Submitted November 8, 1976, at Lansing. (Docket No. 25579.) Decided December 10, 1976.

Marvin L. Post was convicted of uttering and publishing a forged withdrawal slip. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Pamela Wistrand Denson,* for defendant.

Before: BASHARA, P. J., and M. F. CAVANAGH and D. C. RILEY, JJ.

PER CURIAM. Defendant was convicted by jury of uttering and publishing a forged withdrawal slip contrary to MCLA 750.249; MSA 28.446. He was

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 449.

sentenced to a term of 5 to 14 years and appeals as of right, raising only one issue which merits our consideration.

At trial, the victim's wife was permitted, over objection, to testify that defendant, two days prior to the uttering and publishing of the withdrawal slip, had entered into their apartment without permission. This testimony was admitted under the "similar acts" statute, MCLA 768.27; MSA 28.1050, which reads:

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, *any like acts or other acts* of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant." (Emphasis added.)

Defendant cites dicta in *People v Severance,* 43 Mich App 394; 204 NW2d 357 (1972), *lv den,* 389 Mich 758 (1972), as authority for the proposition that only *similar* acts are admissible under this section. In *Severance,* to show a scheme, plan, or system, the prosecutor cross-examined the defendant about prior charges which resulted in pleas to lesser offenses. There we noted that eliciting testimony from a defendant about prior arrests to test his credibility is prohibited, citing *People v Brocato,* 17 Mich App 277; 169 NW2d 483 (1969), and then concluded:

"MCLA 768.27; MSA 28.1050 does permit testimony to be introduced to show defendant's scheme, plan, or

system in doing an act even though it may show or tend to show the commission of another or prior or subsequent crime. In order to be admissible under this statute, it must be a *similar* or *like act." Id.,* 398.

The defendant's interpretation of this statement is contrary to the clear language of the statute. Insofar as *Severance* is interpreted to require that evidence, to be admissible, must be of like or similar acts, it is incorrect; evidence of "other" acts has been frequently admitted under the "similar acts" statute. See, *e.g., People v Fullwood,* 51 Mich App 476; 215 NW2d 594 (1974), *People v Smedley,* 37 Mich App 325; 194 NW2d 383 (1971), and *People v Parm,* 15 Mich App 303; 166 NW2d 536 (1968).

The result in *Severance, supra,* may not be inconsistent with the "similar acts" statute; there this Court reversed the defendant's conviction where the prosecutor sought to prove the defendant's prior acts by unreliable, prejudicial evidence; namely, evidence of a prior charge and a plea to a lesser included offense.

The testimony here involved relates to an "other act" clearly within the purview of the statute, and we find no error.

Affirmed.