PEOPLE v LaROSE

Docket No. 77-4294. Submitted June 21, 1978, at Lansing.—Decided
November 28, 1978. Leave to appeal applied for.

Gary M. LaRose presented an insufficient funds check at a bank
and subsequently was convicted, on his plea of guilty, of obtain-
ing money by false pretenses with intent to defraud, Jackson
Circuit Court, James G. Fleming, J. Defendant appeals, alleging
that the requisite factual basis for his plea was not established.
*Held:*

The defendant should have been prosecuted under the statute
which prohibits delivery of an insufficient funds check rather
than the false pretenses statute. The insufficient funds check
statute is a more specific statute and is therefore an exception
to the more general false pretenses statute. The defendant's
only false pretense was his false representation that he had
funds on deposit from which the check would be paid upon
presentation.

Reversed.

1. CRIMINAL LAW—PROSECUTORS—DISCRETION—INSTITUTING CHARGES.

A prosecuting attorney has broad discretion in determining under
which of two possible applicable statutes a prosecution shall be
instituted; however, that discretion is not unlimited.

2. STATUTES—GENERAL STATUTES—SPECIFIC STATUTES—CONFLICTS.

A statute specific in language and enacted subsequent to a
general statute covering the same subject matter constitutes an
exception to the general statute if there appears to be a conflict
between the two statutes.

3. FALSE PRETENSES—INSUFFICIENT FUNDS CHECKS—CRIMINAL LAW—
STATUTES.

Presentation of an insufficient funds check may, if accompanied

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur 2d, Indictments and Informations §§ 86 *et seq.,* 226.
63 Am Jur 2d, Prosecuting Attorneys §§ 25, 26.
[2, 4] 73 Am Jur 2d, Statutes §§ 415, 416.
[3, 4] 32 Am Jur 2d, False Pretenses §§ 73-76.
37 Am Jur 2d, Fraud and Deceit §§ 142, 446.
[4] 73 Am Jur 2d, Statutes §§ 313, 316.

by additional false representation, justify conviction of obtaining money under false pretenses with intent to defraud; however, where a defendant's only false pretense was his false representation that he had funds on deposit to cover a check that he was presenting he should be charged under the specific statute which fits the particular facts, delivery of an insufficient funds check with intent to defraud (MCL 750.131, 750.218; MSA 28.326, 28.415).

4. False Pretenses—Insufficient Funds Checks—Criminal Law—Statutes—Intent of Legislature.

It was clearly the intent of the Legislature, in enacting the statute prohibiting delivery of an insufficient funds check with intent to defraud, to create an exception to the statute prohibiting obtaining money by false pretenses, and to provide for a lesser penalty for the delivery of an insufficient funds check (MCL 750.131, 750.218; MSA 28.326, 28.415).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *John L. Wildeboer,* Assistant Prosecuting Attorney, for the people.

*P. E. Bennett,* Assistant State Appellate Defender, for defendant on appeal.

Before: R. B. Burns, P.J., and D. F. Walsh and M. E. Clements,* JJ.

D. F. Walsh, J. Defendant appeals his plea-based conviction of obtaining money (in an amount over $100) by false pretenses with intent to defraud. MCL 750.218; MSA 28.415. Defendant was sentenced to a prison term of 2-1/2 to 10 years. He was originally charged with one count of obtaining money by false pretenses and one count of delivering an insufficient funds check with intent to defraud. MCL 750.131; MSA 28.326. Pursuant to a plea bargain in which other outstanding charges

---

* Circuit judge, sitting on the Court of Appeals by assignment.

were dropped and charges for other alleged crimes were not brought, the second count was dropped and defendant pled guilty to count one.

The offense to which defendant pled guilty is defined in MCL 750.218; MSA 28.415:

"Any person who, with intent to defraud or cheat, shall designedly, by color of any false token or writing or by any false or bogus check or other written, printed or engraved instrument, by spurious coin or metal in the similitude of coin, or by any other false pretense, cause any person to grant, convey, assign, demise, lease or mortgage any land or interest in land, or obtain the signature of any person to any written instrument, the making whereof would be punishable as forgery, or obtain from any person any money or personal property or the use of any instrument, facility or article or other valuable thing or service, or by means of any false weights or measures obtain a larger amount or quantity of property than was bargained for, or by means of any false weights or measures sell or dispose of a less amount or quantity of property than was bargained for, if such land or interest in land, money, personal property, use of such instrument, facility or article, valuable thing, service, larger amount obtained or less amount disposed of, shall be of the value of $100.00 or less, shall be guilty of a misdemeanor; and if such land, interest in land, money, personal property, use of such instrument, facility or article, valuable thing, service, larger amount obtained or less amount disposed of shall be of the value of more than $100.00, such person shall be guilty of a felony, punishable by imprisonment in the state prison not more than 10 years or by a fine of not more than $5,000.00."

The offense described in count two of the information filed against defendant is defined in MCL 750.131; MSA 28.326:

"Any person who, with intent to defraud, shall make or draw or utter or deliver any check, draft or order for

the payment of money, to apply on account or otherwise, upon any bank or other depository, knowing at the time of such making, drawing, uttering or delivering, that the maker, or drawer, has not sufficient funds in or credit with such bank or other depository, for the payment of such check, draft, or order, in full, upon its presentation, or any person who, with the intent to defraud, shall make, draw, utter or deliver any check, draft or order for the payment of money to apply on account or otherwise, upon any bank or other depository and who shall not have sufficient funds for the payment for same when presentation for payment is made to the drawee, except where such lack of funds is due to garnishment, attachment, levy, or other lawful cause, and such fact was not known to the person who made, drew, uttered or delivered the instrument at the time of so doing, shall, if the amount payable in the check exceeds $50.00, be guilty of felony, punishable by imprisonment in the county jail not more than 1 year or by a fine of not more than $500.00. If the amount payable in the check is $50.00 or less, such person shall for the first offense be guilty of a misdemeanor; and for the second offense, the same being charged as a second offense, shall be guilty of a misdemeanor punishable by imprisonment in the county jail not more than 6 months or by a fine of not more than $250.00; and for a third and subsequent offense, the same being charged as a third or subsequent offense, shall be guilty of a felony, punishable by imprisonment in the county jail not more than 1 year or by a fine of not more than $500.00."

The relevant facts are not disputed. The charges arose out of defendant's presentation of an insufficient funds check to the National Bank of Jackson in the amount of $150. The check was drawn on the Onsted Bank. At the plea-taking proceedings defendant testified that, when he presented the check to the National Bank of Jackson, he knew that the Onsted account did not have sufficient funds to cover it and that he intended to defraud the National Bank of Jackson.

On appeal defendant challenges the adequacy of the factual basis supporting his conviction of obtaining money by false pretenses. We agree that the requisite factual basis was not established.

Prosecuting attorneys have broad discretion in determining under which of two possible applicable statutes a prosecution shall be instituted. *People v Lombardo,* 301 Mich 451; 3 NW2d 839 (1942), *People v Heber,* 42 Mich App 582; 202 NW2d 571 (1972). Prosecutorial discretion is not, however, unlimited. *People v Birmingham,* 13 Mich App 402, 406–407; 164 NW2d 561 (1968).

It is necessary to distinguish between cases where the two possible applicable statutes prohibit the same conduct and cases where the statutory crimes are distinct. In *People v Sanford,* 65 Mich App 101; 237 NW2d 201 (1975), *aff'd* 402 Mich 460; 265 NW2d 1 (1978), for example, the defendants argued that the prosecutor had abused his discretion in charging them with assault with intent to rob while unarmed, MCL 750.88; MSA 28.283, instead of with unarmed robbery, MCL 750.530; MSA 28.798. The defendants contended that it was a denial of equal protection to have two statutes with different penalties prohibiting the same conduct. Because the assault charge required an assault, whereas the robbery charge required either an assault or force and violence, the two statutes prohibited different conduct. The prosecutor, therefore, had discretion to charge under either statute. Also see *People v Graves,* 31 Mich App 635; 188 NW2d 87 (1971), where this Court noted that a conviction of larceny in a building, MCL 750.360; MSA 28.592, in contrast to simple larceny, MCL 750.356; MSA 28.588, requires proof of the additional aggravation of stealing from a building. Since the statutes are distinct, the prosecutor had

not abused his discretion in charging the greater offense. And in *People v Shaw,* 27 Mich App 325; 183 NW2d 390 (1970), *lv den* 385 Mich 760 (1971), this Court found no error in charging the defendant with forgery, MCL 750.248; MSA 28.445, instead of with the misdemeanor of unauthorized use of a credit card, MCL 750.219a; MSA 28.416(1). While recognizing that general statutes are controlled by specific statutes, the Court emphasized that the specific credit card offense did not necessarily involve the same elements as the more general forgery statute.

In contrast to the foregoing cases, in the instant case the only "false pretense" shown is the presentation of an insufficient funds check. *People v Vida,* 2 Mich App 409; 140 NW2d 559 (1966), *aff'd* 381 Mich 595; 166 NW2d 465 (1969), and *People v Niver,* 7 Mich App 652; 152 NW2d 714 (1967), are readily distinguishable due to the proof of false representation, in addition to presentation of an insufficient funds check, by the defendants in those cases. The instant defendant's only false pretense was his "false representation, either express or implied, incident to the giving of a check, that the maker then has funds on deposit from which the bank will pay the check on presentation". *People v Jacobson,* 248 Mich 639, 642; 227 NW 781 (1929).

It is a basic rule of statutory construction that a statute specific in language and enacted subsequent to a general statute covering the same subject matter constitutes an exception to the general statute if there appears to be a conflict between the two statutes. *State Highway Comm'r v Detroit City Controller,* 331 Mich 337, 358; 49 NW2d 318 (1951), *People v McFadden,* 73 Mich App 232; 251 NW2d 297 (1977), *People v Bachman,* 50 Mich App 682; 213 NW2d 800 (1973), *lv den* 392 Mich 776

(1974), *People v Rodgers,* 18 Mich App 37; 170 NW2d 493 (1969).

Although presentation of an insufficient funds check may, if accompanied by additional false representation, justify conviction under the false pretenses statute (see *People v Vida, supra),* we hold that the instant facts preclude prosecution under that statute. It was clearly the Legislature's intent, in enacting the insufficient funds statute, to carve out an exception to the false pretenses statute and to provide for a lesser penalty for the particular type of false pretense involved in presentation of an insufficient funds check. See *State v Marshall,* 202 Iowa 954; 211 NW 252 (1926), LaFave and Scott, Criminal Law, § 92, pp 678–681. The crime described in MCL 750.131; MSA 28.326 carries a substantially lower maximum penalty than that set forth in MCL 750.218; MSA 28.415. Compare *People v Heber, supra.* The prosecutor was bound to charge defendant under the statute which fit the particular facts and not under the more general statute. *People v Shears,* 84 Mich App 175; 269 NW2d 519 (1978).

Reversed.