## PEOPLE v CHAPPELLE

Docket No. 52632. Submitted December 10, 1981, at Lansing.—Decided March 18, 1982.

Patsy R. Chappelle was convicted of several counts of larceny by false pretenses, Bay Circuit Court, Ira W. Butterfield, J. Defendant appeals, alleging several errors. *Held:*

1. The prosecutor properly charged the defendant with larceny by false pretenses rather than issuance of checks without sufficient funds where there was ample evidence of a broad scheme by defendant to defraud, by false representation, the parties who accepted the checks passed by the defendant.

2. Reliance on the defendant's false representations, to the detriment of the victim, is essential to sustain a conviction of larceny by false pretenses. In one count no such reliance was proved. That conviction is reduced to one for presentation of an insufficient funds check.

3. The defendant is precluded from claiming error on appeal based on the prosecutor's failure to connect allegedly irrelevant testimony to other, relevant testimony where the defendant failed to object at trial to the failure to connect the testimony and failed to move to strike the testimony.

4. The trial court properly admitted testimony concerning every act of the defendant pertaining to her scheme to defraud

REFERENCES FOR POINTS IN HEADNOTES

[1] 63 Am Jur 2d, Prosecuting Attorneys § 26.
    73 Am Jur 2d, Statutes § 257.
[2, 3, 6] 50 Am Jur 2d, Larceny §§ 28, 29.
    Cashing check at bank at which account is maintained as violation of bad check statutes. 75 ALR3d 1080.
    Reasonable expectation of payment as affecting offense under "worthless check" statutes. 9 ALR3d 719.
[4] 50 Am Jur 2d, Larceny § 10.
[5] 50 Am Jur 2d, Larceny § 9 *et seq.*
[7] 5 Am Jur 2d, Appeal and Error §§ 545 *et seq.,* 602.
    29 Am Jur 2d, Evidence § 249 *et seq.*
[8] 29 Am Jur 2d, Evidence § 266.
    30 Am Jur 2d, Evidence §§ 1091, 1125.

her victims. The evidence was admissible to show the defendant's intent to defraud.

5. There was sufficient evidence to sustain the conviction on one of the counts even though the person to whom the defendant passed the check without sufficient funds in that instance could not positively identify the defendant as the person who passed the check.

Affirmed, except that one conviction is reduced to issuance of a check without sufficient funds. Remanded for resentencing.

1. CRIMINAL LAW — PROSECUTOR'S DISCRETION.

A prosecutor has broad discretion to determine under which of two applicable statutes a prosecution shall be instituted; however, where two statutes prohibit the same conduct a specific statute enacted subsequent to a more general statute prevails.

2. FRAUD — LARCENY BY FALSE PRETENSES — CHECKS WITHOUT SUFFICIENT FUNDS.

Proof of false representation in addition to the presentation of a check without sufficient funds justifies a conviction of larceny by false pretenses (MCL 750.218; MSA 28.415).

3. FRAUD — LARCENY BY FALSE PRETENSES — RECEIPT OF PROPERTY.

A conviction of larceny by false pretenses requires proof of an additional element not required for a conviction of issuance of a check without sufficient funds: the requirement that the false pretenses result in the defendant's receipt of property or money (MCL 750.131, 750.218; MSA 28.326, 28.415).

4. LARCENY — TAKING.

Any crime of larceny is completed once a taking has been accomplished.

5. FRAUD — LARCENY BY FALSE PRETENSES.

The elements of the crime of larceny by false pretenses are: (1) an intent to defraud; (2) the use of false pretenses or false representations regarding an existing fact; and (3) the accomplishment of the intended fraud by means of such false pretenses; it is essential that the victim rely on the false pretenses to his detriment (MCL 750.218; MSA 28.415).

6. CRIMINAL LAW — CHECKS WITHOUT SUFFICIENT FUNDS.

A conviction for presentment of a check without sufficient funds requires proof of: (1) an intent to defraud; (2) the drawing of a check for the payment of money upon a bank; and (3) knowledge by the drawer that the bank account has insufficient funds

or credit for the payment of the check (MCL 750.131; MSA 28.326).

7. APPEAL — CRIMINAL LAW — RELEVANT EVIDENCE.

A defendant's failure to object at trial and to make a motion to strike allegedly irrelevant testimony which has been admitted subject to being connected with other, relevant testimony precludes the defendant from claiming error on appeal based upon the prosecutor's failure to connect the testimony with any relevant testimony.

8. CRIMINAL LAW — EVIDENCE — CIRCUMSTANTIAL EVIDENCE.

A criminal conviction may be based on circumstantial evidence alone.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

*Lynn Chard,* Assistant State Appellate Defender, for defendant on appeal.

Before: MACKENZIE, P.J., and M. F. CAVANAGH and D. F. WALSH, JJ.

PER CURIAM. Defendant was convicted, after a bench trial, on multiple charges of larceny by false pretenses, MCL 750.218; MSA 28.415. Defendant was sentenced to serve concurrent sentences of from five to ten years in prison on each charge and now appeals by right.

The first issue defendant raises on appeal is whether the prosecutor may properly charge defendant with both larceny by false pretenses and issuance of checks without sufficient funds where the evidence presented at trial showed that the five bad checks totaled more than $2,000 and indicated that defendant had an elaborate plan to defraud the businesses where the merchandise was purchased. Defendant argues that the prosecutor

may never charge a defendant with larceny by false pretenses when the "false pretense" is merely incidental to the passing of a check with insufficient funds.

The prosecutor has the right to exercise broad discretion in determining under which of two applicable statutes the prosecution will be instituted. *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 683; 194 NW2d 693 (1972). However, we must distinguish between cases where the two possibly applicable statutes prohibit the same conduct and cases where the statutory crimes are distinct. *People v LaRose,* 87 Mich App 298, 302; 274 NW2d 45 (1978). If the statutes are distinct, the prosecutor has discretion to charge the greater offense. If the statutes prohibit the same conduct, the specific statute, enacted subsequent to the more general statute, prevails. *Id.,* 303, *People v McFadden,* 73 Mich App 232, 235; 251 NW2d 297 (1977).

Defendant relies on the case of *People v LaRose, supra,* for the proposition that she should have been prosecuted under the statute prohibiting delivery of an insufficient funds check rather than the false pretenses statute. In *LaRose,* the defendant presented an insufficient funds check at a bank and was subsequently convicted of obtaining money by false pretenses. The Court held that the statute regarding insufficient funds checks is a specific statute and is therefore an exception to the more general false pretenses statute. Since the Court found that the defendant's only "false pretense" was his false representation that he had funds on deposit from which the check would be paid, the Court held that the prosecutor was bound to charge defendant under the insufficient funds statute, which fit the particular facts, and

not under the more general false pretenses statute. However, the Court added an important caveat, which is applicable to this case:

"Although presentation of an insufficient funds check may, *if accompanied by additional false representation,* justify conviction under the false pretenses statute (see *People v Vida* [2 Mich App 409; 140 NW2d 559 (1966)], *supra),* we hold that the instant facts preclude prosecution under that statute." *Id.,* 304. (Emphasis added.)

Thus, the Court's decision turned on the fact that the only "false pretense" shown was the presentation of an insufficient funds check rather than proof of false representation in addition to the presentation of the bad check.

The instant case can be distinguished from *LaRose.* Here, there was ample evidence of a much broader scheme by defendant to defraud merchants who accepted the bad checks. A false address, a false driver's license, and the existence of a bogus company, with identification in the form of business cards, all point to a much broader intent to defraud than is necessary to sustain a conviction under the insufficient funds statute. The proof of false representation, in addition to the presentation of an insufficient funds check, justified defendant's conviction under the false pretenses statute. *People v Vida,* 2 Mich App 409; 140 NW2d 559 (1966), *aff'd* 381 Mich 595; 166 NW2d 465 (1969), *People v Niver,* 7 Mich App 652; 152 NW2d 714 (1967).

Furthermore, we note that a conviction under the false pretenses statute requires proof of an additional element not required for a conviction under the statute proscribing insufficient funds checks. For a person to be guilty of false pretenses, there is a requirement that the false pretenses

result in the defendant's receipt of property or money. However, for a person to be guilty of delivering an insufficient funds check, there is no requirement that the person actually receive any property or money. *People v Jacobson,* 248 Mich 639, 642; 227 NW 781 (1929), *People v Henson,* 18 Mich App 259, 261; 171 NW2d 26 (1969). Where a statute requires proof of an additional element that another statute does not require, the prosecutor may properly charge the defendant under the statute which requires proof of the additional element. *People v Graves,* 31 Mich App 635, 637; 188 NW2d 87 (1971).

The second issue defendant raises on appeal is whether her conviction for false pretenses and an insufficient funds check regarding a check delivered to Herman Hiss & Company should be reversed where there was no evidence presented at trial that the company's employee who took the check relied on the check or anything the defendant said, nor was there evidence that the check was dishonored or that the company lost its property. We reverse defendant's false pretenses conviction on this charge and reduce it to a conviction for presenting an insufficient funds check.

It is no defense to a charge of larceny by false pretenses to contend that there was no loss of property because the property was subsequently recovered. The return of the merchandise does not absolve defendant of the criminal consequences of her acts. Any larceny crime is completed once a taking has been accomplished. *People v Johnson,* 28 Mich App 10, 17; 183 NW2d 813 (1970).

The essential elements of the crime of larceny by false pretenses are: (1) an intent to defraud; (2) the use of false pretenses or false representations regarding an existing fact; and (3) the accomplish-

ment of the intended fraud by means of such false pretenses. MCL 750.218; MSA 28.415, *People v Lee,* 259 Mich 355, 356; 243 NW 227 (1932). Reliance is an essential element of the offense of larceny by false pretenses, and such reliance must be to the detriment of the victim. *People v Schieda,* 99 Mich App 420, 423; 297 NW2d 688 (1980), *People v Wilde,* 42 Mich App 514, 519; 202 NW2d 542 (1972). Here, the evidence presented at trial is absolutely clear that the store clerk who took the defendant's check did not rely on anything that the defendant said or did in the accomplishment of the defendant's fraud. Rather, the clerk accepted the defendant's check because the store's owner had approved it. Because there is insufficient evidence regarding the element of reliance, defendant may not be convicted on the false pretenses count.

However, there is ample evidence to sustain a conviction on an insufficient funds charge. The statute has three elements: (1) an intent to defraud; (2) the drawing of a check for the payment of money upon a bank; and (3) knowledge by the drawer of the check that the bank account has insufficient funds or credit for the payment of such check. MCL 750.131; MSA 28.326, *People v Jacobson, supra.* The statute does not appear to require that the check be presented and dishonored by the drawee bank. However, even if dishonor is required, there was more than sufficient evidence here to show that the check was dishonored by the bank. The evidence from the personnel of the bank showed that the account which was opened by defendant was opened with only a $40 deposit. Defendant never placed additional money in that account. The check in question to Herman Hiss & Company was for over $700. The bank statement

of defendant's account admitted into evidence indicates that all of the checks written by the defendant, except for the first check, were dishonored and returned by the bank. The logical inference which follows is that the check written to Herman Hiss & Company was in fact dishonored because the account had insufficient funds.

Defendant next argues that her conviction should be reversed because the trial court erroneously admitted evidence of alleged similar bad acts of the defendant along with those of her companion. The trial court heard testimony from the security guard at the Hampton Square Mall that on November 25, 1979, defendant and her companion were passing bad checks at the mall. The prosecutor failed to connect the testimony given by the security guard with any relevant testimony pertaining to the defendant or the crimes charged.

First, since the defendant never moved to strike the security guard's testimony, the issue is not preserved for appeal. *People v Myers,* 30 Mich App 409, 433; 186 NW2d 381 (1971). In *Myers,* we set down the general rule that failure to object and make a motion to strike testimony which has been admitted subject to being connected up precludes a defendant from claiming error on appeal.

Second, we find the erroneous admission of the security guard's testimony, if error, to be harmless beyond a reasonable doubt. The trial court did not rely on any of the testimony in question in concluding that the defendant was guilty of the crimes charged.

Defendant next argues that the trial judge erroneously admitted prejudicial and irrelevant evidence in the form of business cards, a death certificate, and the fact that the defendant and her daughter had formed a bogus company. We find

that the trial court properly admitted testimony concerning every act of the defendant pertaining to her scheme or plan for defrauding her victims. The prosecution is entitled to show the *whole* of the res gestae to prove intent in a fraud case, as was done in *People v Vida, supra.* Each item objected to at trial and on appeal was relevant under MRE 401 to show the defendant's intent and the scheme that she participated in, not only to victimize the merchants who took her checks but also to avoid being caught by carefully covering up her tracks with other bogus information. This evidence was admissible because it was relevant to defendant's intent to defraud. MCL 768.27; MSA 28.1050, *People v Post,* 73 Mich App 94, 95-96; 250 NW2d 556 (1976).

Lastly, defendant argues that her conviction for obtaining property by false pretenses with respect to an insufficient funds check issued at Lawrence Jewelers on November 23, 1979, must be reversed because the sales clerk could not identify the person who had given the bad check. The clerk testified that the defendant was one of two possible writers of the check. The parties entered into a stipulation that the signature on the Lawrence Jewelers check was the same as the known handwriting of the defendant. Further, there is the similar acts testimony that defendant wrote four other checks coming from the same checkbook, using the signature of the defendant. Circumstantial evidence alone may form the basis of a conviction. *People v Haugabook,* 23 Mich App 356, 358; 178 NW2d 556 (1970), *People v Bratton,* 20 Mich App 523; 174 NW2d 297 (1969). We find that the evidence was sufficient for the trial court to find that it was defendant who, in fact, offered the check to Lawrence Jewelers in furtherance of her scheme.

Defendant's convictions for larceny by false pretenses are affirmed except for the case relating to the check passed to Herman Hiss & Company. In that case, we agree with the trial court that there was ample proof of guilt of issuance of an insufficient funds check and reduce that conviction accordingly. We remand to the trial court for resentencing on the insufficient funds conviction.