PEOPLE v JACK DYKSTRA FORD, INC.

OPINION OF THE COURT

1. AUTOMOBILES—CRIMINAL LAW—ODOMETERS—DEFENSES—STATUTES
   —CLEAR WORDING.

   A conviction of an automobile dealer for the offense of altering
   the mileage registered on the odometer of a motor vehicle
   offered for sale must be set aside where the dealer possesses an
   affidavit from the immediate prior owner attesting to the fact
   that the odometer had not been set back and stating the exact
   mileage at the time the dealer purchased the motor vehicle; in
   dealing with criminal statutes the Court of Appeals is obligated
   to accept their clear wording irrespective of what the Court
   thinks might have been intended (MCLA 750.421d, 750.421e).

2. AUTOMOBILES—CRIMINAL LAW—ODOMETERS—DEFENSES—AFFIDA-
   VITS—STATUTORY REQUIREMENTS.

   An instrument entitled an "odometer-affidavit" in the possession
   of an automobile dealer substantially fulfilled statutory require-
   ments to preclude conviction of the automobile dealer for the
   offense of altering the mileage registered on the odometer of a
   motor vehicle despite the fact that the instrument did not
   comport with the accepted, classical definition of an affidavit
   where the declarer-signer testified that he inserted the mileage
   in his own handwriting, that the signature was his, that he
   knew he was signing an affidavit, and that he was in fact
   swearing to the verity of its contents (MCLA 750.421e).

DISSENT BY BRONSON, J.

3. AUTOMOBILES—CRIMINAL LAW—ODOMETERS—DEFENSES—AFFIDA-
   VITS—STATUTES.

   *A statutory provision precluding conviction of automobile dealers
   for the offense of altering the mileage registered on the odome-*

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 309, 310, 313.
   What constitutes offense of "tampering" with "motor vehicle" or
   contents. 42 ALR2d 624.

ter of a motor vehicle where a proper affidavit from the immediate owner is in the dealer's possession was not intended nor should it be read to afford a defense to dealers possessing affidavits from prior owners stating the exact mileage at the time the dealer purchased the automobile when the actual mileage is altered after the purchase by the dealer (MCLA 750.421e).

4. AUTOMOBILES—CRIMINAL LAW—ODOMETERS—DEFENSES—AFFIDA-
   VITS—STATUTORY REQUIREMENTS.

An "affidavit" which attested to the fact that a motor vehicle's odometer had not been set back and stated the mileage at the time an automobile dealer purchased the vehicle was not a true affidavit where on its face the jurat demonstrates that it was signed on a different day from the day the signature was affixed by the affiant; therefore, it was not an "affidavit" within the meaning of a statute which precludes conviction of an automobile dealer for the offense of altering the mileage registered on the odometer of a motor vehicle where a proper affidavit from the immediate prior owner is in the dealer's possession (MCLA 750.421e).

Appeal from Ingham, Jack W. Warren, J. Submitted Division 2 December 5, 1973, at Lansing. (Docket No. 15893.) Decided March 27, 1974.

Jack Dykstra Ford, Inc., was convicted in district court of altering the mileage registered on the odometer of a motor vehicle offered for sale. Defendant appealed to circuit court. Affirmed. Defendant appeals by leave granted. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Edwin M. Bladen* and *J. Ronald Kaplansky,* Assistants Attorney General, for the people.

*Anderson, Carr, Street & Hornbach,* for defendant.

Before: DANHOF, P. J., and BRONSON and O'HARA,* JJ.

O'HARA, J. This is an appeal on leave granted from a circuit court affirmance of a conviction in district court under a penal statute. We set it forth in relevant parts:

"Sec. 421d. Any person who alters the mileage registered on the odometer of a motor vehicle offered for sale or lease other than by setting it at zero, or who offers for sale or lease any vehicle with knowledge that the mileage registered on the odometer thereof has been altered without disclosing the facts to the prospective purchaser other than by setting it at zero, or any person who modifies the odometer by tampering, or by the elimination, substitution or addition of components designed to increase, delete or prevent the registering of mileage, is guilty of a misdemeanor. It is not a violation of this act to delete or change odometer mileage registered in the course of predelivery testing of any motor vehicle by its manufacturer prior to its delivery to a dealer.

"Sec. 421e. No dealer shall be convicted under the provisions of section 421d if he possesses an affidavit from the immediate prior owner of the motor vehicle attesting to the fact that the odometer has not been set back and stating the exact mileage at the time the dealer purchased the motor vehicle. Said affidavit shall be supplied to any prospective buyer on request. Any person who gives a false affidavit under the provisions of this section is guilty of a misdemeanor." MCLA 750.421d; MSA 28.657; MCLA 750.421e; MSA 28.658.

The statute is attacked by defendant-appellant upon two basic constitutional grounds.

1) Lack of *scienter* as a required element of the offense.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

2) Violation of the equal protection clauses of the United States and Michigan Constitutions.

We do not reach these questions. We opine, in what we readily concede is obiter dictum, that serious constitutional questions arise under both the foregoing specifications of error. We add that the statute might well be vulnerable to constitutional challenge on the ground of vagueness. We commend to the Legislature a review of the statute with attention to the foregoing observations. Its purpose in protecting the public from common ordinary dishonesty is most desirable. No purchaser should be bilked when buying a used motor vehicle the true driven mileage of which has been altered to show lesser mileage. Nonetheless we cannot disregard constitutional safeguards to accomplish a desirable result.

It is to be noted that for whatever reason the Legislature provided that no dealer should be convicted under the penal proviso of the act "if he possesses an affidavit * * * attesting to the fact that the odometer has not been set back and stating the exact mileage at the time the dealer purchased the motor vehicle. Said affidavit shall be supplied to any prospective buyer *on request."* MCLA 750.421e; MSA 28.658. (Emphasis supplied.)

We set forth herein a replica of the instrument defendant had in its possession at the time the car was purchased and which was offered as an exhibit by defendant.

"ODOMETER-AFFIDAVIT
To be completed by owner
" ROBERT JAMES being first duly sworn deposes and says:
"1.  That he is the present owner of a (year) 1970
      (make) FIREBIRD , serial no._____.

"2.  That on the date set out below he sold/traded the afore-described vehicle to __DYKSTRA__ .

"3.  That to the best of his knowledge, information and belief, the odometer of said vehicle has not been set back.

"4.  That the actual number of miles on said vehicle is __29800__ .

"Further Deponent Sayeth Not.

"Date: __4/12/71__            __ROBERT JAMES__
                                Signature of Owner

"Subscribed and sworn to before me this 14th day of APRIL 1971.

                    "    __VILNIS MEIERS__
                            Notary Public

                    "VILNIS MEIERS
                    "Notary Public, Jackson County, Michigan. My commission expires Apr. 20, 1973"

Several things should be noted in connection therewith.

First, the mileage, as found by the district judge in his opinion, is not "exact". It is according to the testimony of the declarer his best estimate of the mileage on the date he sold the car to the defendant. There is no question that the figure was within a hundred miles or so of the actual mileage.

The seller was not required to fill it out at the time of the sale. Admittedly, it was requested of him *after* he sold the car to defendant, but *before* defendant sold it to the purchaser. Third, incontestably the instrument was in the dealer's possession at the time of the resale of the vehicle. Fourth, it is uncontroverted that the prospective buyer made no request to see the form. Under the

statute there is no requirement to show it to the purchaser absent such request.

There is absolutely no doubt that somebody turned the odometer back from some 29,000 miles to about 13,000 miles after the original owner sold it to the defendant.

Somebody violated the plain terms of the act. We add, again gratuitously, that this was no prank. If it was done by the dealer or his agent, it was done with the guilty purpose of deceiving a used car buyer.

We didn't, however, write this complete defense to conviction therefor into the act by including in it the following:

*"No dealer shall be convicted under * * * section 421d [the penal provision] if he possesses an affidavit * * * attesting to the fact that the odometer has not been set back and stating the exact mileage at the time the dealer purchased the motor vehicle."* (Emphasis supplied.)

We think we know what the Legislature intended by what it said but in dealing with criminal statutes we are obligated to accept their clear wording irrespective of what we think might have been intended.

The Attorney General, whose consumer protection division initiated this action (not the purchaser), argues most vehemently that the instrument set forth heretofore was not an "affidavit" within the terms of the act because the declarer did not subscribe and swear to it in the presence of the notary who attested to the fact that he did both. The testimony establishes that he did neither. The notary perfunctorily attested both to the fact that it was the seller's signature and that he

signed in her presence. The practice is hardly novel but no less improper because of that.

Defense counsel concedes candidly in his brief that the instrument does not comport with the "accepted, classical definition of an affidavit".

Of course, it does not. We think, however, that since the declarer-signer testified that he inserted the mileage in his own handwriting, that the signature was his, that he knew he was signing an affidavit, and that he was in fact swearing to the verity of its contents, it fulfills substantially the statutory requirement. It was in the dealer's possession as of the time the complaint was issued.

It might be well if our Legislature took notice of the fact that to a certain degree Congress has preempted this field by its enactment of a Federal statute. 15 USCA 1981 *et seq.*

This is not to say that our Legislature cannot enact more stringent requirements than the national Congress in the field. It cannot, of course, by its legislative act excuse compliance with the Federal minimum requirements.

We respectfully but most earnestly suggest to our state Legislature that it reexamine the statute in question in light of our discussion herein and with attention to the cited Federal statute especially in connection with the constitutional challenges raised by appellant.

Because of the general absolution granted by § 421e of the offense specified in § 421d we reluctantly set aside the conviction.

Reversed.

DANHOF, P. J., Concurred.

BRONSON, J. *(dissenting).* I cannot share my colleagues' interpretation of this statute and the

result reached. The facts giving rise to this prosecution represent, in my mind, the classic situation the statute was enacted to discourage.

Robert James traded in his 1970 Pontiac Firebird automobile to the defendant and purchased another vehicle. At that time all parties agree that the Pontiac had approximately 29,800 miles on the odometer. Little more than one to one and one-half weeks later Mr. James recognized his car on a local street and out of curiosity peeked through the window at the mileage. The odometer *then* read approximately 14,000 miles. Mr. James next contacted the new owner, Mrs. Mary Farrow.

Mrs. Farrow testified that she and her husband first saw the Pontiac on defendant's lot (approximately four days after Mr. James had traded it in) and the car had 13,769 miles on the odometer at that time. Mrs. Farrow further testified that she and her husband relied on the low mileage as a major factor in their decision to purchase the Pontiac. They placed a deposit on the Pontiac that evening and picked up the car the next day, paying the balance. The Secretary of State's records indicate that there were no owners other than the defendant after Mr. James traded in the car and before it was sold to the Farrows.

At trial, the sales manager, the salesman, and the mechanic handling the sale and delivery of the Pontiac declined to testify and asserted their constitutional privilege against self-incrimination.

When Mr. James traded in his automobile he filled out the "affidavit" reproduced in full in the majority opinion. It is claimed that possession of this "affidavit" accords a defense to the defendant by reason of the first sentence in MCLA 750.421e; MSA 28.658 (quoted by my colleagues). I disagree. First, the "affidavit" was not, in the strict sense, a

true affidavit. On its face the jurat demonstrates that it was signed on a different day from the day the signature was affixed by the affiant. I would find this was not an affidavit within the meaning of the statute and affirm on that basis alone. However, I further believe that the first sentence of § 421e, *supra,* should be read to accord a defense only when the alteration of the odometer's mileage occurred *prior* to the acquisition of the auto by the dealer or person charged under the statute. Any other construction makes avoidance of the clear intent and legislative purpose an easy matter for the unscrupulous.

The defendant was fined $100 and costs of $50. Because no specific penalty is provided in the statute, the maximum fine and sentence allowed by law is set by MCLA 750.504; MSA 28.772. The penalty allowed is $100 and/or 90 days in jail. It is obvious that the corporation cannot be put in jail. The only effective remedy against the corporation is the fine. In times where it is often commonplace for fines of $100 to be levied in more serious traffic violation cases, a $100 fine should not be commonplace for conviction under this statute. This is especially true where incarceration, as noted, is not available as a deterrent. If the Legislature adopts my colleagues' recommendation and reexamines the statute, they might wish to give specific attention to a penalty provision providing more discouragement against future violation.

I would affirm the conviction.