21158

STATE of South Carolina ex rel. Daniel R. McLeod, Attorney General, Respondent, v. FRITZ WAIDNER SPORTS CARS, INC., Appellant.

(263 S. E. (2d) 384)

*Daniel & Daniel,* Columbia, *for appellant.*

*Asst. Atty. Gen. W. Joseph Isaacs,* Columbia, *for respondent.*

February 25, 1980.

NESS, Justice:

Appellant Fritz Waidner Sports Cars, Inc., appeals from an order overruling its demurrer to a complaint by respondent State of South Carolina *ex relatione* Daniel R. McLeod. We affirm.

Respondent proceeds under the South Carolina Unfair Trade Practices Act, §§ 39-5-10-39-5-160, Code of Laws of South Carolina (1976), and Code § 56-15-30(a) seeking civil penalties for the alleged sale of an automobile with an inaccurate odometer reading. Appellant demurred on the basis that actions involving false odometer statements had been pre-empted by the odometer disclosure requirements of the Federal Motor Vehicle Information and Cost Savings Act, §§ 401-418, 15 U.S.C.A. §§ 1981-1991. The trial court rejected this assertion and overruled the demurrer.

Appellant's exceptions to the trial court's interpretation of the Unfair Trade Practices Act raise important questions of novel impression, the decision of which could have far reaching effects. Such questions should not be determined on demurrer. *Williams v. Streb,* 270 S. C. 650, 243 S. E. (2d) 926 (1978); *Hanselmann v. McCardle,* 270 S. C. 367, 242 S. E. (2d) 421 (1978).

Appellant also excepts to the trial court's conclusion this action was not pre-empted by federal law. We affirm.

Both the language and the legislative history of the Federal Act clearly reveal it was not intended to supersede or otherwise limit consistent State law remedies for false odometer disclosures. § 418, 15 U.S.C.A. § 1991; 118 Cong. Rec. 18218, 18219 (May 22, 1972); *see Edgar v. Fred Jones Lincoln-Mercury,* 524 F. (2d) 162 (10th Cir. 1975); *People v. Jack Dykstra Ford, Inc.,* 52 Mich. App. 337, 217 N. W. (2d) 99 (1974). *See also Carroll Motors, Inc. v. Purcell,* S. C., 259 S. E. (2d) 604 (1979). We see no conflict between the remedies provided

under the Federal Act and those sought by respondent in this action. Accordingly, we affirm the order of the trial court and remand the case for further proceedings on the complaint.

Affirmed.

LEWIS, C. J., LITTLEJOHN and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.