PEOPLE v JOSEPH (ON REMAND)

Docket No. 70946. Submitted April 28, 1983, at Lansing.—Decided
July 7, 1983.

Mitchell M. Joseph was charged with obtaining possession of a
controlled substance, Valium, and attempting to obtain posses-
sion of a controlled substance, Darvon, by passing forged pre-
scriptions. The district court granted defendant's motion to
quash the information after the defendant argued that the
prosecution abused its discretion in charging defendant with
such felonies rather than with the misdemeanor of obtaining or
attempting to obtain a prescription drug through a forged
prescription. The people appealed to the Ingham Circuit Court
which affirmed the district court order, Ray C. Hotchkiss, J.
The people then appealed, by leave granted, to the Court of
Appeals, which affirmed. 110 Mich App 465 (1981). The people
sought leave to appeal in the Supreme Court. Thereafter, the
Supreme Court, in an order dated April 20, 1983, in lieu of
granting leave to appeal, remanded the case back to the Court
of Appeals for reconsideration in light of *People v Ford,* 417
Mich 66 (1982). 417 Mich 965 (1983). On remand, *held:*

1. The prosecution could have, if it wished, prosecuted defen-
dant under the misdemeanor statute because the drugs in-
volved here were prescription drugs. However, because an
additional element was present in this case—the prescription
drugs are also controlled substances—the prosecution could
instead prosecute under the felony statute.

2. Fraudulently obtaining a controlled substance is a felony.
The fact that the controlled substance was fraudulently ob-
tained with a forged prescription rather than by some other
means does not make the crime any less culpable.

3. The prosecution did not abuse its discretion because the

REFERENCES FOR POINTS IN HEADNOTES·

[1] 41 Am Jur 2d, Indictments and Informations § 68.

[1, 4] 63 Am Jur 2d, Prosecuting Attorneys § 26.

[1] 73 Am Jur 2d, Statutes §§ 12, 257.

[2, 3] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 1, 20.

Construction of provision of Uniform Narcotic Drug Act or similar
statute dealing with obtaining or procuring and administration of
a narcotic drug by fraud or deceit. 25 ALR3d 1118.

Legislature has not clearly stated that all prescription drug violations are to be prosecuted under the misdemeanor statute. The order quashing the information is reversed and the information is reinstated.

Reversed and remanded.

1. PROSECUTING ATTORNEYS — INDICTMENT AND INFORMATION.

A prosecutor has broad discretion in choosing under which one of two applicable statutes to prosecute a defendant; however, where two statutes encompass the same subject matter, one being general and the other specific, the latter will control.

2. CONTROLLED SUBSTANCES — PRESCRIPTION DRUGS.

Not all prescription drugs are controlled substances; the felony statute regarding knowingly or intentionally obtaining possession of a controlled substance by fraud or forgery is concerned with controlled substances while the misdemeanor statute regarding obtaining a prescription drug through a forged prescription is concerned with prescription drugs (MCL 333.7407[1][c], 333.17766; MSA 14.15[7407][1][c], 14.15[17766]).

3. CONTROLLED SUBSTANCES — PRESCRIPTION DRUGS.

It is a felony to acquire a controlled substance by any form of misrepresentation or deception and the Legislature did not intend, in enacting the misdemeanor statute regarding obtaining a prescription drug through a forged prescription, that otherwise felonious conduct should be punishable only as a misdemeanor if the misrepresentation or deception was in the form of a forged or altered prescription (MCL 333.7407[1][c], 333.17766; MSA 14.15[7407][1][c], 14.15[17766]).

4. PROSECUTING ATTORNEYS — CONTROLLED SUBSTANCES — PRESCRIPTION DRUGS.

A prosecutor does not abuse his discretion in prosecuting a defendant under the felony statute regarding knowingly or intentionally obtaining possession of a controlled substance by fraud or forgery instead of under the misdemeanor statute regarding obtaining a prescription drug through a forged prescription where the defendant fraudulently obtains a prescription drug which is also a controlled substance by using a forged prescription; the Legislature has not clearly stated that all prescription drug violations are to be prosecuted under the misdemeanor statute (MCL 333.7407[1][c], 333.17766; MSA 14.15[7407][1][c], 14.15[17766]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, and *Charles M. Sibert,* Chief Appellate Attorney, for the people.

*Farhat, Burns & Story, P.C.* (by *Vittorio E. Porco),* for defendant on appeal.

ON REMAND

Before: T. M. BURNS, P.J., and ALLEN and D. F. WALSH, JJ.

PER CURIAM. Defendant was charged with (1) obtaining possession of a controlled substance by passing a forged prescription and (2) attempting to obtain possession of a controlled substance by passing a forged prescription. MCL 333.7407(1)(c); MSA 14.15(7407)(1)(c). On July 25, 1979, the district court judge granted defendant's motion to quash the information. This order was affirmed by the circuit court on November 26, 1979. After the prosecution appealed to this Court, we affirmed. 110 Mich App 465; 313 NW2d 340 (1981). However, recently, the Supreme Court remanded this case back to us "for reconsideration in light of *People v Ford,* 417 Mich 66; 331 NW2d 878 (1982)". 417 Mich 965 (1983).

The facts in this case are found in this Court's first opinion:

"[D]efendant took several prescription pads from the office of an East Lansing dentist without permission. On June 25, 1979, defendant presented one of the prescription pad papers on which he had forged the dentist's signature to a drug store in Lansing and obtained Valium capsules. The next day, on June 26, 1979, he attempted to pass another forged prescription for Dar-

von at an East Lansing drug store. However, he was arrested before obtaining any drugs on this second occasion." 110 Mich App 468.

The basic issue is whether or not the prosecution abused its discretion in charging defendant with knowingly or intentionally obtaining possession of a controlled substance by fraud or forgery, MCL 333.7407(1)(c); MSA 14.15(7407)(1)(c), a four-year felony, rather than charging him with obtaining a prescription drug through a forged prescription, a 90-day misdemeanor, MCL 333.17766; MSA 14.15(17766).

Defendant's alleged conduct obviously violates MCL 333.17766; MSA 14.15(17766) because both Valium and Darvon are commonly prescribed drugs. However, because they are also controlled substances,[1] the conduct additionally violates MCL 333.7407(1)(c); MSA 14.15(7407)(1)(c). Generally, a prosecutor has broad discretion in choosing which of two statutes to prosecute under. *People v Gonzales,* 417 Mich 66; 331 NW2d 878 (1982); *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672; 194 NW2d 693 (1972). However, where two statutes encompass the same subject matter, one being general and the other specific, the latter will control. *People v Shaw,* 27 Mich App 325, 326; 183 NW2d 390 (1970), *lv den* 385 Mich 760 (1971).

In *People v LaRose,* 87 Mich App 298; 274 NW2d 45 (1978), *lv den* 406 Mich 943 (1979), this Court held that the prosecutor could not charge a defendant under the general false pretenses statute, MCL 750.218; MSA 28.415, rather than the delivery of an insufficient funds check statute, MCL 750.131; MSA 28.326, where the only false representation was in presenting the insufficient

---

[1] MCL 333.7217; MSA 14.15(7217) and MCL 333.7218; MSA 14.15(7218).

funds check. However, *LaRose* specifically noted that, if the check were presented accompanied by an additional false representation, the prosecutor may properly charge with false pretenses. 87 Mich App 303-304. See *People v Chappelle,* 114 Mich App 364; 319 NW2d 584 (1982).

Relying on this language in *LaRose, People v Ford,* 417 Mich 66; 331 NW2d 878 (1982), held that the defendant could be charged with uttering and publishing. MCL 750.249; MSA 28.446. He had argued that he should instead have been charged with misuse of a credit card. MCL 750.157q; MSA 28.354(16). He could have been charged under either statute. Uttering and publishing requires a forgery; this could be done through misusing a credit card. However, misuse of a credit card does not necessarily require a forgery. Therefore, the Supreme Court held that where a credit card has been misused, but where the additional element of forgery is also present, the prosecutor may properly charge the defendant with uttering and publishing.

After reconsidering this issue, we agree with Judge WALSH's dissent in the original opinion:

"The felony statute, § 7407, is concerned with controlled substances. The misdemeanor statute, § 17766, is concerned with prescription drugs.

"Not all prescription drugs are controlled substances. Section 7407 makes it a felony to acquire a controlled substance by any form of misrepresentation or deception. There is nothing in the Public Health Code which persuades me that the Legislature intended that otherwise felonious conduct should be punishable only as a misdemeanor if the misrepresentation or deception was in the form of a forged or altered prescription." 110 Mich App 472.

In *LaRose, supra,* every time a person delivered an

insufficient funds check, he could have conceivably been punished under the general pretenses statute. Therefore, *LaRose* held as it did. However, the present case is different. The prosecution could have, if it wished, prosecuted defendant under MCL 333.17766; MSA 14.15(17766). However, because an additional element is present in this case —the prescription drugs are also controlled substances—the prosecution could instead prosecute under MCL 333.7407(1)(c); MSA 14.15(7407)(1)(c). Looking at it another way, fraudulently obtaining a controlled substance is a felony. Merely because the controlled substance was fraudulently obtained with a forged prescription rather than by some other means does not make the crime any less culpable. Because the Legislature has not clearly stated that all prescription drug violations are to be prosecuted under MCL 333.17766; MSA 14.15(17766), the prosecution did not abuse its discretion in this case. The order quashing the information is reversed and the information is reinstated.

Reversed and remanded with instructions to proceed according to this opinion.