PEOPLE v HOUSEMAN

PEOPLE v WAWEE

Docket No. 70944. Submitted May 4, 1983, at Lansing.—Decided
August 2, 1983.

Weldon B. Houseman and Michael J. Wawee were each charged
with one count of false pretenses and one count of conspiracy to
commit false pretenses. The evidence produced at the prelimi-
nary examination showed that defendants and other employees
at the automobile agency at which they were employed regu-
larly turned back the odometers on high mileage used cars
before they were sold and that, as to a particular 1977 Cadillac,
Wawee had turned back the odometer and the automobile had
been sold at an inflated price reflecting the lower mileage
indicated on the odometer at the time of resale. Defendants
were bound to circuit court on these charges. Defendants
moved to quash the information. The Kent Circuit Court,
Woodrow A. Yared, J., quashed the information, holding that
there was no evidence to support any charges against House-
man and that the proof would, at most, support a misdemeanor
charge of tampering with an odometer as to defendant Wawee.
The prosecutor appealed. The Court of Appeals affirmed, docket
no. 46330, decided September 9, 1980. The Supreme Court
remanded for further consideration. 417 Mich 941 (1983).

    1. The felony of false pretenses is not coextensive with the

References for Points in Headnotes

[1, 4] 37 Am Jur 2d, Fraud and Deceit § 12.

[2] 63 Am Jur 2d, Prosecuting Attorneys § 26.

[3] 73 Am Jur 2d, Statutes § 257.

[4] 7A Am Jur 2d, Automobiles and Highway Traffic § 183.

   32 Am Jur 2d, False Pretenses §§ 60, 64.

   Validity, construction, and application of Motor Vehicle Informa-
   tion and Cost Savings Act (15 USCS §§ 1981-1991). 28 ALR Fed
   584.

[5, 6] 16 Am Jur 2d, Conspiracy § 10.

   Impossibility of consummation of substantive crime as defense in
   criminal prosecution for conspiracy or attempt to commit crime.
   37 ALR3d 375.

[6] 16 Am Jur 2d, Conspiracy § 14.

[7] 16 Am Jur 2d, Conspiracy § 19.

misdemeanor of tampering with an odometer, since the felony charge contains the additional element of proof of an intent to defraud. Since the proof that the automobile was sold at an inflated price reflecting the mileage after the odometer was turned back would support a finding of an intent to defraud, the prosecutor did not abuse his discretion in bringing the felony charge of false pretenses rather than the misdemeanor charge of tampering with an odometer, and the district court did not abuse its discretion in binding over defendant Wawee on that count.

2. While there were no proofs presented at the preliminary examination showing that defendant Houseman had anything to do directly with the turning back of the odometer on the vehicle which was the subject of the false pretenses charge, the proofs did establish a basis for finding that he had approved and ordered the undertaking of the practice of turning back odometers on high mileage used vehicles. As a part of that conspiracy, Houseman was, in the eyes of the law, equally criminally responsible for a criminal act taken in the furtherance of the conspiracy. The district court, accordingly, did not abuse its discretion in finding probable cause to believe that Houseman was guilty of the crime of false pretenses with respect to the subject vehicle, his liability arising out of the conspiracy relationship.

Reversed and remanded.

1. FALSE PRETENSES — ELEMENTS OF CRIME.

The essential elements of the offense of obtaining money by false pretenses are 1) an intent to defraud; 2) the use of false pretenses or representations regarding an existing fact; and 3) the accomplishment of the intended fraud by means of such false pretenses (MCL 750.218; MSA 28.415).

2. PROSECUTING ATTORNEYS — CRIMINAL LAW — CHARGING FUNCTION.

A prosecutor has the right to exercise broad discretion in determining under which of two applicable statutes a prosecution will be instituted.

3. STATUTES — JUDICIAL CONSTRUCTION — CONFLICTING STATUTES — SPECIFIC STATUTE — GENERAL STATUTE.

It is a rule of statutory construction that where two statutes are or appear to be in conflict a specific statute, enacted subsequent to a more general statute, prevails.

4. PROSECUTING ATTORNEYS — CHARGING FUNCTION — FALSE PRE-
      TENSES — TAMPERING WITH AN ODOMETER.
   It is not an abuse of discretion for a prosecutor to bring felony
      charges under the false pretenses statute rather than misde-
      meanor charges under the tampering with an odometer provi-
      sions of the Motor Vehicle Code where there is evidence to
      support a finding of an intent to defraud, since the misde-
      meanor charge does not include the element of intent to
      defraud (MCL 257.233a[3], 750.218; MSA 9.1933[1][3], 28.415).

5. CONSPIRACY — NATURE OF OFFENSE.
   The gist of the crime of conspiracy is an unlawful agreement
      (MCL 750.157a[a]; MSA 28.354[1][a]).

6. CONSPIRACY — PARTICIPATION IN CONSPIRACY.
   A conspirator need not participate in all the objects of the
      conspiracy and, indeed, does not need even know all the other
      co-conspirators.

7. CONSPIRACY — JOINT CRIMINAL RESPONSIBILITY.
   Each conspirator is generally held to be criminally responsible
      for the acts of his associate in furtherance of the common
      design; the acts of one or more of the conspirators are, in the
      eyes of the law, the acts of all the conspirators.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

*Charles S. Rominger, Jr.,* for defendant Houseman.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and MACKENZIE, JJ.

PER CURIAM. On November 30, 1978, both defendants were bound over to the circuit court after a preliminary examination in the district court on one count of false pretenses, MCL 750.218; MSA 28.415, and one count of conspiracy to commit false pretenses, MCL 750.157a(a); MSA 28.354(1)(a), and MCL 750.218; MSA 28.415. On June 26, 1979,

the trial court signed an order quashing the information. The prosecutor appealed as of right. On September 9, 1980, this Court affirmed in an unpublished opinion. (Docket No. 46330). However, on April 19, 1983, the Supreme Court remanded this case to this Court "for reconsideration in light of *People v Ford, People v Gonzales,* and *People v Howard,* 417 Mich 66 [331 NW2d 878] (1982)." 417 Mich 944 (1983).

Basically, the evidence produced at the preliminary examination showed that some of the employees (including both defendants) at Harvey Cadillac in Grand Rapids habitually turned back the odometers on high mileage used cars before selling them. In particular, a 1977 Cadillac was sold to Harvey Cadillac in late March, 1978, with over 30,000 miles on it. However, when it was sold by Harvey Cadillac about one month later, it had 14,275 miles on it.

The first issue is whether or not the prosecution abused its discretion in charging defendants with false pretenses, MCL 750.218; MSA 28.415, a ten-year felony, rather than charging them with tampering with an odometer, MCL 257.233a(3); MSA 9.1933(1)(3), a 90-day misdemeanor. The elements of false pretenses are 1) an intent to defraud, 2) the false pretense or representation concerning an existing fact, and 3) the fraud accomplished. *People v Taurianen,* 102 Mich App 17, 27; 300 NW2d 720 (1980); *Attorney General v Recorder's Court Judge,* 92 Mich App 42, 48; 285 NW2d 53; 16 ALR4th 48 (1979), *lv den* 407 Mich 955 (1980). The tampering with an odometer statute states:

"A person who * * * in the course of offering, dealing or disposing of any new or used motor vehicle subject to the provisions of subsection (1) alters the mileage reading of an odometer shall be fined not more than $100.00

or imprisoned not more than 90 days." MCL 257.233a(3); MSA 9.1933(1)(3).

In the present case, defendants' alleged behavior violates both statutes. Generally, a prosecutor has broad discretion in choosing which of two statutes to prosecute under. *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672; 194 NW2d 693 (1972); *People v Lombardo,* 301 Mich 451; 3 NW2d 839 (1942). However, where two statutes appear to be in conflict, the specific statute enacted after the more general statute prevails. *People v McFadden,* 73 Mich App 232, 235; 251 NW2d 297 (1977).

Defendants basically rely on two cases in arguing that the trial court did not err in quashing the information. In *State v Kliewer,* 210 Kan 820; 504 P2d 580 (1972), the Kansas Supreme Court held that the defendant had to be prosecuted under the more specific odometer statute rather than the deceptive commercial practices statute. In *People v LaRose,* 87 Mich App 298; 274 NW2d 45 (1978), *lv den* 406 Mich 943 (1979), this Court held that the prosecutor must bring charges under the delivery of an insufficient funds check statute, MCL 750.131; MSA 28.326, rather than under the general false pretenses statute, where the only false representation was in presenting an insufficient funds check. However, in both *Kliewer* and *La-Rose,* the two respective statutes generally encompassed the same activity. In other words, in *Kliewer,* the odometer statute did not have an extra element not present in the deceptive practices statute. The same analysis applies in *LaRose.*

In *People v Ford,* 417 Mich 66; 331 NW2d 878 (1982), the Supreme Court held that the defendant could properly be charged with uttering and publishing even though the facts of the case also showed that he could have been charged with

misuse of a credit card. Uttering and publishing requires a forgery which could be done through misusing a credit card. However, misuse of a credit card does not necessarily require a forgery.

The crime of false pretenses requires proof of an intent to defraud; this element of the crime could be accomplished through proof of the turning back of an odometer and the selling of the car at an inflated price. However, the odometer statute in Michigan does not require the intent to defraud.[1] MCL 257.233a(5); MSA 9.1933(1)(5) states:

"A person who, with intent to defraud, * * * alters the mileage on an odometer of a vehicle subject to subsection (1), is liable in an amount equal to the sum of 3 times the amount of actual damages sustained or $1500.00 whichever is greater, and in the case of a successful recovery of damages, the costs of the action together with reasonable attorney's fees."

If subsection (3) requires proof of an intent to defraud, the words "with intent to defraud" in subsection (5) would be redundant.

The main purpose behind the odometer statute is to protect the buyer from being defrauded by a seller who fraudulently turns back the odometer. *People v Jack Dykstra Ford, Inc,* 52 Mich App 337, 340; 217 NW2d 99 (1974). However, that does not mean that the prosecutor may not charge with false pretenses if the facts show an intent to defraud. Intentionally defrauding someone is a felony. Merely because the fraud was obtained through turning back an odometer does not make the offense less culpable. The prosecution did not abuse its discretion in charging with false pretenses. Both *State v Rentfrow,* 15 Wash App 837; 552 P2d 202 (1976), and *People v Ross,* 25 Cal App

---

[1] See *State v Waldenburg,* 9 Wash App 529; 513 P2d 577 (1973).

3d 190; 100 Cal Rptr 703 (1972), arrived at the same conclusion.

Because rolling back an odometer does not require the intent to defraud and because that element was sufficiently shown in the preliminary examination, the district court did not abuse its discretion in binding over on false pretenses. Similar reasoning has been used in *People v Vannoy,* 417 Mich 946 (1983), *People v Joseph (On Remand),* 127 Mich App 78; 338 NW2d 727 (1983), *People v Goodchild,* 68 Mich App 226; 242 NW2d 465 (1976), *lv den* 397 Mich 830 (1976), *People v Sanford,* 65 Mich App 101; 237 NW2d 201 (1975), *aff'd* 402 Mich 460; 265 NW2d 1 (1978), *People v Ferguson,* 60 Mich App 302; 230 NW2d 406 (1975), *lv den* 396 Mich 857 (1976), and *People v Shaw,* 27 Mich App 325; 183 NW2d 390 (1970), *lv den* 385 Mich 760 (1971).

The trial court also quashed the false pretenses count against defendant Houseman. The testimony at the preliminary examination showed that some of the employees at Harvey Cadillac, including defendant Houseman, would regularly turn back the odometers on high mileage cars. However, no one testified that, outside of generally approving and ordering this practice, defendant Houseman had anything to do with turning back the odometer on the 1977 Cadillac mentioned in the false pretenses count.

True, the evidence was insufficient to establish probable cause that defendant Houseman had committed the crime as a principal. However, it sufficiently showed conspiratorial liability. The gist of conspiracy is the unlawful agreement. *People v Carter,* 415 Mich 558, 568; 330 NW2d 314 (1982). A conspirator need not participate in all the objects of the conspiracy. *People v Garska,* 303 Mich 313;

6 NW2d 527 (1942). In fact, he need not even know all the other co-conspirators. *People v DeLano,* 318 Mich 557, 567; 28 NW2d 909 (1947), *cert den* 334 US 818; 68 S Ct 1082; 92 L Ed 1748 (1948). In fact:

It is a general rule that each conspirator is criminally responsible for the acts of his associate committed in furtherance of the common design and before the accomplishment thereof, the act of one or more being in contemplation of law the act of all." 15A CJS, Conspiracy, § 74, p 825.

This rule is followed in Michigan. *Carter, supra,* 415 Mich 581, fn 23; *People v Roxborough,* 307 Mich 575; 12 NW2d 466 (1943), *cert den* 323 US 749; 65 S Ct 80; 89 L Ed 600 (1944); *People v Knoll,* 258 Mich 89; 242 NW 222 (1932); *People v Lay,* 193 Mich 476; 160 NW 467 (1916). See also *Pinkerton v United States,* 328 US 640; 66 S Ct 1180; 90 L Ed 1489 (1946).

In the present case, the evidence showed that the common design was to regularly turn back the odometer to defraud customers. The turning back of the odometer in the 1977 Cadillac was an act in furtherance of this conspiracy. To the extent that the evidence showed that Houseman was a part of this conspiracy, he is also liable for this particular criminal act. The evidence at the preliminary examination sufficiently established probable cause on the false pretenses count. The trial court erred in ruling that the district court had abused its discretion in binding over defendant Houseman on the false pretenses count.

Reversed and remanded with instructions to proceed according to this opinion.